WILLIAM LEDDY *vs.* THEOPHILUS BARNEY.

Bristol.   Oct. 30, 1884. — June 24, 1885.   C. ALLEN & COLBURN, JJ., absent.

A. sustained personal injuries through the negligence of B., both of them being in the employ of C., and, upon receiving a sum of money from C., A. executed and delivered an instrument under seal, stating that, in consideration of said sum paid to him by C., he did "hereby discharge and release said C. from all actions, causes of actions for damages, or otherwise, held by me against said C. for any cause heretofore existing." *Held*, in an action by A. against B., that the instrument was valid between the parties to it; and that it could not be controlled by oral evidence that it was not read to A., and that he understood it to be a voucher for the person paying the money to him, there being no suggestion of fraud.

A release under seal of all causes of action, given by A. to C., is a bar to an action by A. against B., if, when the release was given, A. was asserting against C. a liability for the same act for which he asserts the liability of B. in the action against him.

At the trial of an action for personal injuries occasioned to the plaintiff by the negligence of the defendant, both of them being in the employ of C., the plaintiff's attorney was allowed to testify that he conferred with both the defendant and C. in reference to the plaintiff's claim; that he finally received of C. a certain sum of money, which he paid to the plaintiff; that he told C. that the claim was for personal injuries received by the plaintiff; and that it was settled by C. C. was also allowed to testify that he paid the plaintiff's attorney the sum stated by him; that he considered it a gift on his part, mainly out of sympathy, because he did not consider himself liable; and that another reason was to release the claim which the plaintiff made upon him. *Held*, that the plaintiff had no ground of exception.

TORT for personal injuries occasioned to the plaintiff by the alleged negligence of the defendant. Trial in the Superior

Court, before *Brigham*, C. J., who allowed a bill of exceptions, in substance as follows:

Both parties were employed by one Augustus Chace, the plaintiff as a common laborer, and the defendant as a superintendent.

The plaintiff introduced evidence tending to show that he was injured by the carelessness of the defendant in the moving of a derrick in the work in which they were engaged.

There was no evidence tending to show Chace's liability, except the facts that the defendant was employed as superintendent by Chace, and, at the time of the accident, in June, 1883, was engaged in the work which he was employed to do.

The plaintiff disclaimed any cause of action against Chace, and some evidence was given that the plaintiff never made any claim upon him.

The defendant relied upon a release of Chace, which he contended was a bar to this action.

There was evidence on the part of the plaintiff tending to show that in October, 1883, the plaintiff consulted Milton Reed, Esq., an attorney at law, and claimed damages against the defendant; that Reed saw Chace, who, after denying all liability, made a gift to Reed of $150 as a charity to the plaintiff; and that the plaintiff received of Reed $120, and signed an instrument under seal, stating that, in consideration of $150 paid to him by Chace, he did " hereby discharge and release the said Chace from all actions, causes of actions for damages, or otherwise, held by me against said Chace for any cause heretofore existing; " that he did not read it, nor was it read to him, and he understood it to be a receipt for Reed to show to Chace that he had paid him. Reed was called as a witness by the defendant, and testified, against the plaintiff's objection, that the plaintiff came to see him in reference to this claim; that the witness conferred with both the defendant and Chace; that he finally received of Chace $150, of which he paid the plaintiff $120; that he told Chace that the claim was for personal injuries received by the plaintiff in the summer of 1883; and that "it was settled by Chace." It was admitted that no action was brought against Chace.

The defendant also asked Reed if he read the release to the plaintiff, and Reed replied that he had no recollection of the physical act of reading the paper; thereupon the defendant

asked the witness, "According to your best recollection and belief about it?" The witness replied, "It was read to him." The plaintiff objected to the question and answer.

The defendant called Chace as a witness, who testified, against the plaintiff's objection, that he paid Reed $150; that he considered it a gift on his part mainly out of sympathy, because he did not consider himself liable; another reason was to release the claim which the plaintiff made upon him.

The plaintiff asked the judge to give the following rulings: "1. By the words and terms of the release or receipt in this case, the defendant is not discharged thereby, and it is no release of the defendant's liability to the plaintiff. 2. Payment by one not liable is no release and discharge of another person that is liable; a release of one who is not a tortfeasor is no release of one that has committed a tort. 3. Chace is not liable in law to the plaintiff for the alleged injuries to him, upon the facts found in this case."

The judge declined to give these rulings, and instructed the jury, that, if Chace paid the money in charity, the payment was not a bar to this action; but that, if Chace paid it partly on account of charity and partly in settlement of the claim, and to avoid a suit, the release was a discharge of, and a bar to, this action; and that it was not competent for the plaintiff to object to the release under such circumstances.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*J. M. Wood*, (*E. L. Barney* with him,) for the plaintiff.

*J. M. Morton*, (*A. J. Jennings* with him,) for the defendant.

W. ALLEN, J. The release under seal was valid between the parties to it, and could not be controlled by parol evidence. The plaintiff's own testimony showed that it was executed and delivered by him at the time he received the money. The facts, if true, that the paper was not read to him, and that he understood it to be a voucher for Reed, are not material on this point. He did not ask to have it read; he had opportunity to know its contents, and it was his own fault if he did not know them. There was no suggestion of fraud, and the instrument is his. It is not suggested that it was not accepted by Chace, the other party to it. There can be no question of the delivery and acceptance

of the instrument, nor of its sufficiency to discharge the cause of action against Chace, whether particularly intended or not.

The other question is, whether the plaintiff is barred by the release from his action against the defendant, as well as against Chace. The rule that a release of a cause of action to one of several persons liable operates as a release to all, applies to a release given to one against whom a claim is made, although he may not be in fact liable. The validity and effect of a release of a cause of action do not depend upon the validity of the cause of action. If the claim is made against one and released, all who may be liable are discharged, whether the one released was liable or not. *Brown* v. *Cambridge*, 3 Allen, 474. *Goss* v. *Ellison*, 136 Mass. 503. If the cause of action against the defendant in this suit was released to Chace, this action cannot be maintained. As the release is general, of all causes of action, the identity of the cause of action against the defendant with a cause of action against Chace must be shown. This may be done by showing that the plaintiff had the same cause of action against both, as that they were both in fact concerned in the act complained of, so that whatever action would lie against one would also lie against the other ; *Stone* v. *Dickinson*, 5 Allen, 29 ; or by showing that liability for the same act was claimed by the plaintiff against both. If, when the release to Chace was given, the plaintiff was asserting against him a liability for the same act for which he now asserts the liability of the defendant, the two causes of action are the same, so that a release of one will discharge the other. It was upon this point only that the effect of the release was submitted to the jury, and the instructions given, as applied to the evidence, permitted them to find the payment and release a bar only if the payment was made by Chace in settlement of a claim made, and to avoid a suit threatened, for the act for which recovery is sought against the defendant. The instructions were correct, and the rulings asked for by the plaintiff were properly refused. The testimony of Reed and Chace, which was objected to, was competent upon the point covered by the instructions reported. It tended to show that Reed was acting as the attorney of the plaintiff, and what the transaction between the plaintiff's attorney and the defendant was.                    *Exceptions overruled.*