BOSTON SUPPLY COMPANY *vs.* MEYER RUBIN & another.

Suffolk.　November 13, 1912. — March 10, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Practice, Civil,* Exceptions. *Sale. Pledge. Agency,* Scope of authority.
*Factor. Release. Joint Tortfeasors.*

Where in an action of tort for conversion the answer is merely a general denial,
but at the trial no question as to the pleadings is raised and the defendant con-
tends and asks for rulings bearing upon a defense in confession and avoidance,
on exceptions by the defendant to refusals by the trial judge to rule as he re-
quested, this court will consider the questions raised by the requests for rulings.

The provisions of R. L. c. 68, § 3, giving to a consignee of goods from one who
had been entrusted with and had authority to sell them, and whom the con-
signee had probable cause to believe was their owner, a lien on the goods for
advances made upon them by him to such person, gives no lien to a pawn-
broker who in good faith receives goods in pledge from a person who he thinks
is their owner but who is an agent for the owner and has procured the goods
from the owner by representing that he knew of persons who might purchase
them upon inspection, and who has no authority to sell as he chooses but is
authorized 'to sell only to such persons as he has represented to the plaintiff
may be induced to purchase on inspection of the goods.

If a salesman wrongfully appropriates his employer's goods and pledges some of
them to a pawnbroker for money lent to him personally, and thereafter, in
adjustment of the employer's entire claim against him and in consideration of
an amount paid by a third person, the employer executes and delivers an in-
strument not under seal acknowledging the receipt of the money from the third
person "in settlement of all claims against" the salesman and stating that the
employer did thereby "release and discharge" the salesman "from any and all
claims" he had against him, any claim in tort that the employer had against
the pawnbroker also is discharged, although the pawnbroker did not know that
the goods were pledged to him wrongfully by the salesman.

TORT for the conversion of three rings and two watches. Writ
in the Municipal Court of the City of Boston dated February 9,
1909.

On appeal to the Superior Court the case was heard by *Ray-
mond,* J., without a jury. There was evidence tending to show
that the business of the plaintiff was selling jewelry for cash and
on contracts of conditional sale, and that, in the course of dealings
between the plaintiff and one Marion E. Davis, employed by it
as a saleswoman, she would come to the plaintiff's office, would

state that she had a prospective customer and thus would procure watches or rings, and, if she disposed of them either for cash or by contract of conditional sale, she would pay the money or deliver the contract to the plaintiff; that in that way she procured possession of the goods alleged to have been converted by the defendants and pawned them to the defendants, pretending to account to the plaintiff for them by delivering to it a fictitious contract of conditional sale.

It further appeared that, after the goods had been pledged with the defendants, the plaintiff, with full knowledge that they had been pledged together with other goods belonging to the plaintiff, entered into a settlement with Marion E. Davis, whereby her husband paid to the plaintiff $199 and gave his note for three months for $200 and several pawn tickets, among which were the pawn tickets for the goods in suit, and the plaintiff gave to Marion E. Davis a document which did not bear a seal and which read as follows:

"January 12, 1909. Received of George Davis the sum of one hundred ninety-nine dollars in cash and a promissory note two hundred dollars in settlement of all claims of the Boston Supply Company against Marion E. Davis, and we hereby release and discharge the said Marion E. Davis for any and all claims we have against her. Boston Supply Company. By its Attorney, William Hirsh."

At the close of the evidence, the defendants asked the judge to rule as follows:

"1. That on the whole evidence the defendants are entitled to a verdict.

"2. That Marion E. Davis was an agent of the Boston Supply Company, entrusted with goods, within the meaning of the factors act, R. L. c. 68.

"3. That Marion E. Davis was an agent, entrusted with goods; so that the pledge of the goods by Marion E. Davis with the defendants created such a lien in favor of the defendants that this action cannot be maintained without a tender on the part of the plaintiff of the amount advanced.

"4. That the payment of money by a person or persons for Marion E. Davis was a settlement of the claim of the Boston Supply Company against Marion E. Davis.

"5. That the settlement of the claim by Marion E. Davis settled the claim of the Boston Supply Company against the defendants.

"6. That the receipt of money by the Boston Supply Company from Marion E. Davis in discharge of the claim of the plaintiff against Marion E. Davis settled the claim against the defendants in this action.

"7. That the receipt of money against any one of the tortfeasors, and a settlement of the claim against any one of the tortfeasors, settled the claim of the plaintiff against the defendants.

"8. That Marion E. Davis and the defendants were successive tortfeasors, and the settlement by the plaintiff of its claim against Marion E. Davis, one of the tortfeasors, prevented the plaintiff from maintaining an action against any of the other tortfeasors."

The rulings were refused. There was a finding for the plaintiff for $10; and the defendants alleged exceptions.

*E. N. Hill,* (*J. Nelson* with him,) for the defendants.

*W. Hirsh,* for the plaintiff.

BRALEY, J. The exceptions state that the pleadings may be referred to, and the answer consists only of a general denial under which the defense raised by the various requests would not be open. But no allusion to the pleadings having been made at the trial or at the argument, the questions raised by the record are to be treated as properly before us. *Ridenour* v. *H. C. Dexter Chair Co.* 209 Mass. 70, 78.

The title to the watch and ring for the conversion of which the action is brought was in the plaintiff when pledged to the defendants by Marion E. Davis as security for the payment of her own debt. It is contended under the second and third requests that she had been entrusted with the sale of the property within the meaning of R. L. c. 68, commonly known as the "factors act," and that the plaintiff cannot maintain the action, as no tender has been made of the amount advanced. Assuming that in receiving and retaining the pledge, upon which they claim a valid lien, the defendants acted in good faith, but of which they offered no evidence, the judge was warranted in finding that, although she was in the employment of the company, watches and rings were taken by her only to be exhibited or delivered to prospective customers whom she reported had been interviewed or secured. If a sale followed, either a conditional bill of sale, where

payment was to be made by instalments, or the proceeds were returned to the plaintiff. The judge made no specific findings of fact, but the general finding for the plaintiff is a finding that in so far as the issue was one of fact Davis had not been authorized to sell as she chose to whomsoever would buy, but to sell only to such persons as she represented to the plaintiff might be induced to purchase upon inspection of the merchandise. No general authority having been conferred, the statute is inapplicable, and the case at bar falls within *H. A. Prentice Co.* v. *Page,* 164 Mass. 276, and not within *Cairns* v. *Page,* 165 Mass. 552, on which the defendants rely.

The bill of sale or lease returned for the watch and ring was fictitious, and upon discovery of the fraud the plaintiff settled with its employee and executed a release, although not under seal, of any and all claims against her. The defendants by the fourth, fifth, sixth, seventh and eighth requests asked the judge to rule, that the claim against them had been thereby discharged, and that as Davis and themselves were successive tortfeasors the release of one released all. The appropriation of the plaintiff's chattels by Davis was felonious under R. L. c. 208, § 26, and while the outcome of her acts and the assertion of a lien by the defendants has deprived the plaintiff of its property, yet the wrong did not result from their concerted or concurrent action, as the defendants are not shown to have known at the time of the pledge that the watch and ring had been stolen. *Chamberlin* v. *Shaw,* 18 Pick. 278, 284. *Strickland* v. *Barrett,* 20 Pick. 415, 417. *Feneff* v. *Boston & Maine Railroad,* 196 Mass. 575. It is obvious that the plaintiff could have maintained an action against Davis for all losses sustained; but if the defendants at any time before demand by the plaintiff had returned the pledge to her, they would not have been liable for a conversion. *Leonard* v. *Tidd,* 3 Met. 6. The settlement was of an unliquidated demand. It was not the acceptance of a part of an undisputed debt in satisfaction of the whole, as in *Gilman* v. *Cary,* 198 Mass. 318, and *Specialty Glass Co.* v. *Daley,* 172 Mass. 460. The consideration, moreover, was furnished by a third party. The terms of the instrument are unambiguous and unconditional. It is not a mere accountable receipt or acquittance explainable by extrinsic evidence, but it is in legal effect a full discharge. *Com-*

*monwealth* v. *Talbot,* 2 Allen, 161, 162. *Stimpson* v. *Poole,* 141 Mass. 502, 505. The release therefore cannot be varied by the incompetent parol evidence introduced without objection at the trial to show that apparently the plaintiff intended to reserve whatever rights it had against the defendants, but must be given its full force and effect. *Black* v. *Bachelder,* 120 Mass. 171. *Will M. Kinnard Co.* v. *Cutter Tower Co.* 159 Mass. 391. *DeFriest* v. *Bradley,* 192 Mass. 346, 352. *Mears* v. *Smith,* 199 Mass. 319, 322. *Butterick Publishing Co.* v. *Fisher,* 203 Mass. 122. It follows that, as the defendants were only secondarily or successively liable, the compromise, accompanied with the release of the primary wrongdoer, discharged them from all liability to the plaintiff as tortfeasors. *Brewer* v. *Casey,* 196 Mass. 384, 388, 389.

The refusal of these requests, and of the first request, that upon all the evidence the plaintiff could not recover, requires us to sustain the exceptions.

*So ordered.*