CASWELL JOHNSON *vs.* FERDINAND VON SCHOLLEY & others, trustees.

Suffolk.   November 14, 1913. — August 4, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Joint Tortfeasors.  Covenant,* Not to sue.  *Release.  Accord and Satisfaction. Contract,* In writing.  *Evidence,* Extrinsic affecting writings.

An instrument under seal, delivered to one of two joint tortfeasors in consideration of a sum of money paid by him to the person who suffered from the tort, whereby such person covenanted "to forever refrain from instituting, pressing or in any way aiding any claim, demand, action or causes of action for damages . . . for or on account or in any way growing out of" the tort, does not operate as a release of the injured person's cause of action against the other tortfeasor.

In an action for personal injuries against one of two joint tortfeasors, the defendant alleged in his answer that the plaintiff "presented to" his co-tortfeasor "a claim for damages" caused by the joint tort "and that thereafter" the co-tortfeasor "paid to the said plaintiff and the said plaintiff accepted" a sum of money "in satisfaction of the damages alleged in the declaration."  The defend-

ant offered in evidence, and the presiding judge admitted, an instrument under seal, which the plaintiff, in consideration of money paid by the co-tortfeasor, had delivered to the co-tortfeasor and in which the plaintiff had covenanted with the co-tortfeasor "to forever refrain from instituting,·pressing or in any way aiding any claim, demand, action or causes of action for damages" caused by the joint tort. The defendant also offered and the judge excluded evidence tending to show that negotiations which occurred between the plaintiff and the co-tortfeasor previous to the execution of the covenant were for the purpose of a settlement and discharge of the claim for damages alleged in the declaration. *Held,* that the exclusion of the evidence was wrong, because the defendant, not being a party to the instrument in writing, had a right to show by oral evidence that it did not express the terms of the actual compromise.

Tort for personal injuries received by the plaintiff, while a passenger on an elevated street car of the Boston Elevated Railway Company, by reason of a collision on Charles Street in Boston between that car and an automobile truck of the defendants, who were doing business under the name Burkhardt Brewing Company. Writ dated September 16, 1912.

The answer of the defendants, as amended, contained, besides a general denial, allegations that the plaintiff "presented to the Boston Elevated Railway Company a claim for damages for the injuries and damage sustained by him by reason of the accident set out in said declaration, and that thereafter the said Boston Elevated Railway Company paid to the said plaintiff and the said plaintiff accepted the sum of $200 in satisfaction of the damages alleged in the declaration to have been received by the plaintiff, whereby the said plaintiff's cause of action was wholly settled and discharged."

The case was tried by *Lawton,* J. On the issue raised by the defense specially alleged in the answer and "for the purpose of showing a claim for damages by the plaintiff against the railway company arising out of the accident alleged in the declaration, and the payment by the railway company and acceptance by the plaintiff of a sum of money in settlement of the claim," the defendants offered in evidence letters to the Boston Elevated Railway Company from four different attorneys at law, each setting forth a claim for damages for the collision described in the plaintiff's declaration, a letter from the plaintiff discharging one of the attorneys, further letters from William Burns, Esquire, who remained as counsel, and an instrument, signed under seal by the plaintiff by his mark, which read as follows: "Sept. 16,

1912. This is to certify that William Burns is my attorney; that I have no other attorney; that it is my desire that Wm. Burns settle my case against the Boston Elevated Railway Company for the sum of two hundred dollars; that my rights be reserved against the Burkhardt Brewing Co." These letters and the instrument were excluded.

The defendants also offered in evidence, and the judge admitted, the following instrument signed under seal by the plaintiff by his mark on September 16, 1912, and entitled "Covenant not to Sue."

"I, Caswell Johnson, of Boston, in the County of Suffolk and Commonwealth of Massachusetts, my heirs, executors and administrators, in consideration of Two Hundred Dollars ($200) to me paid by the Boston Elevated Railway Company, a corporation established under the laws of Massachusetts, the receipt of which is hereby acknowledged, do, by this instrument, covenant with the said Boston Elevated Railway Company to forever refrain from instituting, pressing or in any way aiding any claim, demand, action or causes of action for damages, costs, loss of services, expenses or compensation for or on account of or in any way growing out of, or hereafter to grow out of, an injury received by me on or about the 9th day of July, 1912, at or near Charles Street near the center gate of the Common wherein I was injured."

The payment of $200 by the street railway company to the plaintiff was admitted.

The defendants then offered to show by evidence of conversations between the claim agent of the Boston Elevated Railway Company and the plaintiff's attorney that there were negotiations between them in reference to the plaintiff's claim and that the sum of $200 was agreed upon to be paid in settlement of his damages. These conversations were before the execution of the covenant not to sue, and were excluded by the judge.

At the close of the evidence the defendants admitted that under the rulings of the judge excluding the evidence offered by him, there was nothing for the jury under their special plea. The case was submitted to the jury upon the other questions involved and a verdict was returned for the plaintiff in the sum of $1,000. The defendants alleged exceptions.

The case was submitted on briefs.

*W. C. Cogswell,* for the defendants.

*W. Burns,* for the plaintiff.

BRALEY, J.   The defendants and the railway company upon the record were concurrent tortfeasors, and an unqualified release of the company under seal would have discharged them.  *Feneff v. Boston & Maine Railroad,* 196 Mass. 575.  *Boston Supply Co. v. Rubin,* 214 Mass. 217.  But the covenant not to sue put in evidence by the defendants did not operate as a discharge of the plaintiff's cause of action; it only barred the remedy against the company for reasons stated in *Matheson v. O'Kane,* 211 Mass. 91.

The amended answer, however, pleaded in general terms an accord and satisfaction with the company whereby the defendants had been relieved from liability.   It is settled that, not having been parties or privies to the instrument, the defendants could show by parol evidence that the instrument did not express the actual compromise.   *Kellogg v. Tompson,* 142 Mass. 76.   See *Snow v. Alley,* 151 Mass. 14.

The correspondence between the various attorneys representing the plaintiff and the company, as well as his personal letter to it, were admissible as evidence of a demand for damages, and as preliminary to the final agreement in so far as the negotiations were authorized by him.   *Pickert v. Hair,* 146 Mass. 1.   *Loomis v. New York, New Haven, & Hartford Railroad,* 159 Mass. 39.  *James v. Boston Elevated Railway,* 201 Mass. 263.   It is to be noted that previous to September 21, 1912, the correspondence relates only to a claim against the company, or notice to it by the plaintiff of the discharge of former counsel and the retaining of new counsel.   No offer to settle without suit appears.

The authority of an attorney under a general retainer to compromise a claim of his client's, which is referred to in *Brewer v. Casey,* 196 Mass. 384, 388, where the earlier cases are cited, is not presented by the record.   See also *Gilman v. Cary,* 198 Mass. 318.

The plaintiff's instructions in writing to counsel then acting for him, offered in evidence by the defendants but improperly excluded, expressly authorized a settlement upon condition "that my rights be reserved against the Burkhardt Brewing Co.," the name under which the defendants are described in the writ, although the legal form in which the settlement should be expressed

is not stated. It was left to his counsel. The conversations between the agent of the company to whom the instructions had been transmitted and the plaintiff's attorney, which took place before the covenant not to sue was executed, also were admissible if limited to the restrictions imposed by the instructions. *New York, New Haven, & Hartford Railroad* v. *Martin,* 158 Mass. 313, 316, 317. *Riley* v. *Boston Elevated Railway,* 195 Mass. 318, 322. *Lewis* v. *Gamage,* 1 Pick. 347. The jury should have been permitted to determine on all the evidence whether the covenant not to sue embodied the settlement the plaintiff had authorized, and which had been actually effected. If they found that it did, the defendants had not been discharged. But, if notwithstanding the covenant not to sue, the defendants on whom rested the burden of proof had shown that the plaintiff in fact had compromised his claim without qualification, the action could not be maintained. *Boston Supply Co.* v. *Rubin,* 214 Mass. 217.

*Exceptions sustained.*