JOSEPHINE CORMIER *vs.* WORCESTER CONSOLIDATED STREET RAILWAY COMPANY.

Worcester. September 29, 1919. — November 28, 1919.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Joint Tortfeasors. Release.*

If one, who has suffered personal injury in an accident caused by conduct of two persons, makes something in the nature of a claim against one of them, against whom under the rules of law he possibly might have recovered damages, and, upon receiving a sum of money from that person, executes and delivers to him an instrument under seal in the nature of a release, such release discharges from liability the other person whose conduct contributed to cause the injuries, although the person to whom the release was given in fact was not responsible for the injury.

In an action of tort for personal injuries against a street railway company, the plaintiff alleged that, when he was riding on a truck loaded with inflammable material under the defendant's trolley wire, the wire broke and fell upon the truck causing a fire which resulted in his injury. At the trial evidence of the defendant tended to show that the fire was caused in another way and that, with the load burning, the driver of the truck continued under the trolley wire, causing it to melt and fall. The owner of the truck paid the plaintiff $75 and the plaintiff executed and delivered to him an instrument which recited that such owner did not assume liability for the injury "but that this compromise is made for the purpose of adjusting any supposed or real claim which" the plaintiff had against such owner "for injuries, moneys paid out for care, medicines, etc." *Held,* that the release was a bar to the maintenance of the action against the street railway company.

At the trial of the action above described, testimony of the plaintiff, a woman, was admitted tending to show that, although she could read, she did not read the instrument which she signed, that the money was paid to her "like a gift to pay me. . . . It was said they gave me a gift to pay damage to my clothes," and that she executed the instrument relying upon such statement. The owner of the truck testified that he told the plaintiff that he wanted to "use her right," that, "whatever she had lost by the fire" he would "try and repay her," and that he asked her what the amount would be and she was satisfied with the amount paid by him. *Held,* without determining the admissibility of the evidence, that it raised no question for the jury because, since it did not tend to show that the agreement between the plaintiff and the owner of the truck was

different from that set out in the instrument which the plaintiff executed and delivered, it did not lessen the legal effect of that document as a bar to the action against the street railway company.

TORT for personal injuries alleged to have resulted from the fall of a trolley wire of the defendant, causing a current of electricity to come into contact with the clothing and person of the plaintiff and the igniting of a load of highly inflammable viscoloid on a truck, upon which the plaintiff was riding and which was owned by William F. O'Brien and operated by one of his employees. Writ dated August 20, 1917.

In the Superior Court the action was tried before *Sanderson,* J. The material evidence as to negligence of the defendant or of O'Brien is described in the opinion. The statements in the bill of exceptions as to the contentions of the parties were as follows: "The evidence and the contention of the plaintiff were that the trolley wire broke because it was old and defective and that having dropped on the truck, an electric spark or arc was caused which set fire to the viscoloid, and as a result, the plaintiff was injured." "The contention of the defendant was that the load of viscoloid waste took fire at a distance from the point where the accident to the plaintiff occurred, and that finally when the automobile truck was stopped, the fire from the viscoloid waste melted the copper trolley wire and caused the wire to fall."

It appeared in evidence that, when the plaintiff was quite sick, O'Brien interviewed her and paid her $75, according to her testimony, "like a gift to pay me. . . . It was said they gave me a gift to pay damage to my clothes." The plaintiff further testified that she did not remember anything else that was said, that she could read and write and that, relying on the above statement, she signed, without reading it, the following instrument under seal, which also was signed by her husband, Telesphore Cormier:

"Commonwealth of Massachusetts.
Worcester, ss.
Know all Men by These Presents

That I, Josephine Cormier and Telesphore Cormier, husband of the aforementioned in consideration of the sum of seventy-five dollars to us paid by Walter F. O'Brien of Leominster, Mass., do hereby release, quitclaim, and forever remise any and all rights to money, pay, compensation, action, actions, severally or jointly,

in law or in equity or both, or in any way or manner for or on account of injuries received by Telesphore Cormier while riding upon an automobile truck operated by one Sideleau, on Lancaster Street, Leominster, Mass. on Thursday, the 8th day of March, A. D. 1917, said automobile having caught fire from a trolley wire breaking or by some way unknown to the parties to this agreement and said Josephine Cormier having received injuries to her body by burns, to her clothing and otherwise, and it is expressly understood and agreed that said O'Brien does not assume liability for said injury but that this compromise is made for the purpose of adjusting any supposed or real claim which said parties or either of them have against him for injuries, moneys paid out for care, medicines, etc. and we hereby waive all our rights to pay, money or compensation by the acceptance of the money paid under this agreement.

Witness our hands and seals this 15th day of March 1917.

J. E. Thibaudeau      Josephine Cormier (and a seal)

Mrs. A. Gordon      Telesphore Cormier (and a seal)."

O'Brien testified in substance that he went to see the plaintiff after her injury, taking with him the above document, then unsigned, which had been drawn up for him by a lawyer to whom he had been referred by a "real estate man" to whom he had gone "to draw up some kind of a paper, a receipt." He further testified: "I called to see her and she was a very sick woman in bed, and I told her I wanted to use her right, I didn't want her to be out, I sympathized with her first and told her I wanted to square the thing, use her right, and I says I don't want her to lose anything, whatever she had lost by the fire that I would try and repay her all I could and I asked her what the amount would be and asked her if with $75 she was satisfied and her husband satisfied."

O'Brien further testified that the plaintiff did not read the instrument and that he did not think that he read it himself, that he wanted to do the right thing, and so he paid the $75 and took the release.

The plaintiff excepted to the introduction of the release in evidence.

At the close of the evidence, the judge submitted to the jury two questions, in answers to which they found that the defendant was negligent and that the plaintiff's damage amounted to $350. The

judge then ruled that the instrument above set out barred the plaintiff from recovery, and by his order a verdict was returned for the defendant. The plaintiff alleged exceptions, it being "agreed that if the ruling of the court was right on all the material evidence pertaining to the release, judgment" was to be entered for the defendant; otherwise, judgment was to be entered for the plaintiff in the sum of $350.

C. E. *Tupper,* (G. H. *Richardson* with him,) for the plaintiff.

C. C. *Milton,* for the defendant.

CARROLL, J.   The plaintiff was injured while riding on an automobile truck owned by William F. O'Brien. The truck carried a load of highly inflammable viscoloid waste and was proceeding along the defendant's tracks on Lancaster Street, Leominster. The jury could have found on the facts presented that owing to the defendant's negligence a defective trolley wire broke and fell on the truck, setting fire to it, injuring the plaintiff and burning her clothing. There was evidence that before the wire fell, a boy who had been smoking a pipe, jumped on the truck, and as he did so, knocked the pipe on the side of the truck and the ashes dropped to the ground; that a short time after this the boxes of waste caught fire and the blaze from the fire extended above the normal position of the trolley wire. It was the contention of the defendant that the waste became ignited at some distance before the truck reached the point where the wire fell and that the heat melted the copper wire and caused it to fall.

Subsequent to the accident the plaintiff, in consideration of $75 paid her, signed an instrument under seal releasing O'Brien from all claims for damages resulting from the injury. The jury were directed by the trial judge to return a verdict for the defendant, on the ground that the release signed by the plaintiff and delivered to O'Brien barred her right against the defendant.

The entire injury to the plaintiff was caused by the same tort. There could be but one indemnity for the wrong and the release of one joint tortfeasor released all the wrongdoers. *Stone* v. *Dickinson,* 5 Allen, 29. *Brewer* v. *Casey,* 196 Mass. 384. This rule applies where one is injured by the combined or concurring negligence of two or more persons acting independently of each other, with no concert of action, and where the wrong done was not intentional. *Feneff* v. *Boston & Maine Railroad,* 196 Mass. 575, 582.

The same principle is pertinent when the person released or discharged from liability was not in fact responsible for the injury, if something in the nature of a claim has been made upon him and there was a possible liability under the rules of law. *Pickwick* v. *McCauliff*, 193 Mass. 70. *Leddy* v. *Barney*, 139 Mass. 394.

The plaintiff could have contended that after the waste took fire the driver of the truck was negligent in continuing in the defendant's track under the trolley wire, which was old and defective, when he might have seen its condition and avoided it; and the writing stated that the money was paid in satisfaction of the claims made on the defendant by the plaintiff. In *Pickwick* v. *McCauliff*, *supra*, the plaintiff was injured while in the employ of the Commonwealth by the defendant's negligence. He signed a paper agreeing to make no claim on the Commonwealth in consideration of its paying him his wages while incapacitated and indemnifying him for his doctor's bills and hospital expenses. He did not claim damages from the Commonwealth and it was not legally responsible to him. What the plaintiff received was not in satisfaction of his damages. The payment was in the nature of a gift or gratuity. The case is distinguishable from the case at bar, where there was a claim made on O'Brien as shown by the terms of the release; and on the record, there was at least the possibility that she could recover against him.

The plaintiff was permitted, subject to the defendant's exception, to introduce parol evidence for the purpose of showing that the money paid by O'Brien was a gift to her and not in satisfaction of her damages. In reply to the question if O'Brien paid her money, she said: "He did; yes, like a gift to pay me;" and when asked what was said about the paper, replied: "It was said they gave me a gift to pay damage to my clothes." Even if we assume that this evidence was admissible for the purpose offered against the defendant, who was not a party to the written agreement, see *Johnson* v. *Von Scholley*, 218 Mass. 454, it was entirely insufficient to show that the actual agreement was different from that set out in the written instrument. No fraud was practised on the plaintiff, she could read and write, and she did not show that the writing failed to express correctly her agreement and understanding with O'Brien. The fact that some one (it does not appear who) said that a gift was made to pay for damages to her

clothes, fails to indicate that she did not receive the money in payment of the claim for damages and in full satisfaction of her loss, and her statement that the payment was "like a gift to pay me" does not contradict the release. There is no evidence to the effect that the written instrument is not a true record of the entire agreement of the parties; and as the payment made by O'Brien was in satisfaction of the plaintiff's damages, there can be no recovery against the defendant.

*Exceptions overruled.*