ELIZABETH MUSE *vs.* JOHN A. DEVITO.

Middlesex.    November 15, 1922. — January 5, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Release.   Joint Tortfeasor.   Evidence,* Extrinsic affecting writing.

At the trial of an action for personal injuries caused by the plaintiff falling into a hole in a sidewalk, from which, with the assistance of an employee of the proprietor of an adjoining store, employees of the defendant had taken the cover for the purpose of removing from the basement of the store certain waste paper to be taken away for the defendant and which the defendant's employees negligently had left unguarded at the completion of their work, it appeared that, after receiving the injury, the plaintiff had accepted a sum of money from the storekeeper and had executed under seal and had delivered to him an absolute and unconditional release and discharge of him from all demands. The plaintiff was permitted to introduce evidence tending to show that an attorney at law representing an insurer of the defendant, in procuring her signature to the release, had said to her in substance that the executing and delivery of the release would not prevent her proceeding against the defendant. The action was not submitted to the jury on the issue of fraud on the part of the attorney inducing the plaintiff to sign the release. There was a verdict for the plaintiff. *Held,* that

(1) On the evidence, the plaintiff was not entitled to recover;

(2) The effect of the release and discharge could not be varied by parol evidence;

(3) It was immaterial whether the storekeeper would have been legally liable for the injury to the plaintiff;

(4) An instruction in the charge to the jury, in substance that if, in consequence of what the attorney said to the plaintiff, the plaintiff signed the release, believing that he "had a right of action against whoever there might be who was responsible for the injury, then it is not a bar to the responsibility of other persons," was prejudicial error;

(5) The defendant's exceptions were sustained, it being *stated* that it was not a proper case for the ordering by the court of judgment for the defendant under G. L. c. 231, § 122.

TORT for personal injuries resulting from a fall into a coal hole in the sidewalk in front of premises occupied by one McMaster on Main Street in Wakefield.   Writ dated December 31, 1917.

In the Superior Court, the action was tried before *Aiken*, C.J. The release described in the opinion was dated August 28, 1917, was signed before a witness, and, excepting for the *in testimonium* clause and the signature and seal, was as follows:

"Release and Settlement of Claim.

"Know all men by these presents, that I Elizabeth M. Muse of Wakefield in the County of Middlesex and State of Mass, being of full age, for the sole consideration of the sum of sixty ......Dollars to me paid by E. F. McMasters, the receipt whereof is hereby acknowledged, there being no promise of further payment of benefit to be received, have released and discharged and for myself, and my heirs, executors, administrators and assigns, do hereby release, acquit and forever discharge the said E. F. McMasters from all claims and demands, actions and causes of actions, damages, either direct or consequential, costs, loss of service, legal, medical and hospital bills, expenses and compensation on account of, or in any way growing out of all injury, injuries and injurious results, both known and unknown, and all loss and damage whatsoever sustained by me, in both in person and property, at any time, and especially on or about the twenty-seventh day of August 1917 which I now have or might have, or may hereafter have from anything which has heretofore happened, or anything resulting in future from anything which has heretofore happened, and I do hereby for my heirs, executors and administrators covenant with said E. F. McMasters to indemnify and save harmless the said E. F. McMasters from all claims and demands whatsoever in law or in equity, for damages, costs, loss of service, expenses or compensation on account of, or in any way growing out of said injuries and damage by reason of an accident on Main Street in front of No. 424 Main Street Wakefield or any other matter, cause or thing whatsoever prior to the date hereof.

"It is expressly understood and agreed that the acceptance of the said amount of $60.00 is in full accord and satisfaction of a disputed claim, and that the payment of the said sum of $60.00 is not an admission of liability.

"It is also further agreed that there are no collateral or outside agreements, promises or undertakings on the part of said E. F. McMasters other than those herein expressly stated and specifically and clearly agreed to, and especially that there is no agree-

ment or promise on the part of said E. F. McMasters to do or omit to do any act or thing not herein mentioned. . . ."

Subject to an exception by the defendant, the plaintiff was permitted to introduce evidence that a lawyer representing an insurance company which had insured McMaster had procured the release to be signed by her, telling her, as she testified, "if I signed it it would let McMaster out, but I could go and do what I wanted to do with the other people."

Other material evidence and certain portions of the charge to the jury are described in the opinion. At the close of the evidence, the defendant asked for the following rulings:

"1. Upon all the evidence the plaintiff cannot recover.

"2. In the absence of any custom or understanding in regard to the matter, there is no rule of law which requires the defendant, when by her servant he has been collecting bundles of old newspapers through a bulkhead or hole in the public sidewalk on the premises of a customer, to see that the cover of the hole is replaced when the customer himself, as owner or the occupant of the premises, has undertaken in person or by his servant to attend to the removal and replacement of the cover.

"3. If you find upon all the evidence that the defendant's servants never undertook the duty of caring for the removal and replacement of the cover, then there was no duty on the part of the defendant to replace the cover.

"4. If you find that the defendant's servants notified the occupant of the premises or his servant or agent that they were through down in the cellar and told him to put the cover on, then there is no negligence on the part of this defendant and plaintiff cannot recover in this case."

"9. Upon all the evidence it appears that the plaintiff gave a release of all claims for damages arising out of this accident to one McMaster, the occupier of the premises.

"10. If the plaintiff gave a release of all claims for damages arising out of this accident to McMaster, the occupier of the premises, then that operates as a release to this defendant.

"11. If the plaintiff did give a release to McMaster, then she is not entitled to recover in this case unless she paid or tendered to McMaster before the beginning of this suit, the sum paid her in return for the release.

"12. If the plaintiff seeks to avoid the effect of the release, she must first satisfy you that she had paid back or tendered the consideration for the release, before you can consider at all any question of the avoidance of the release; if you are not satisfied that the consideration was paid back or tendered, then the release must stand as a valid defense to this suit."

"14. It is apparent from the release itself that the intention was to discharge the liability of McMasters. It follows therefore that the liability of DeVito is thereby extinguished.

"15. There is nothing in the release which shows any intention whatever to preserve liability of any person not a party to it, the release therefore cannot be construed as a covenant not to sue.

"16. The terms of the release are unambiguous and unconditional. It is not such a paper as may be explainable by extrinsic evidence but is in legal effect a full discharge of any liability in this case.

"17. The release cannot be varied by parol evidence to show that apparently the plaintiff in giving it intended to reserve whatever rights she had against this defendant.

"18. The release in this case is not subject to attack in this suit, but if it is to be set aside must be dealt with in an appropriate proceeding for that purpose, as this case now stands therefore the release is an absolute defence to this proceeding.

"19. While it may be true that this defendant if it desired so to do could show by parol evidence that the release did not express the actual settlement, it is not true that either party to the release against the defendant's objection can vary the effect of the instrument by parol evidence.

"20. If the conduct of McDonald in securing the release partook of fraud or misrepresentation then the plaintiff now has against McMasters just as good a cause of action against McMasters as she ever had notwithstanding the release."

The rulings were refused. The jury found for the plaintiff in the sum of $450; and the defendant alleged exceptions.

*A. B. Carey,* for the defendant.

*James J. McCarthy,* for the plaintiff.

DE COURCY, J. The plaintiff was injured by falling into a trap-door hole, located in the sidewalk of a public highway, in front of·

a store occupied by one McMaster. On the day of the accident two of the defendant's employees had been sent to remove from the basement of this store a load of waste paper. With the assistance of an employee of McMaster they lifted the metal trap-door, which was about three feet square, and weighed one hundred to one hundred and twenty-five pounds, and placed it against the building. After all the paper had been thrown out from the cellar, and some fifteen bundles remained on the sidewalk behind the defendant's truck, his two employees went to a near-by store to get a drink of soda, leaving the hole unwatched and unguarded. During their absence the plaintiff, whose attention was attracted by some people who were looking at a picture in the window of McMaster's store, stepped alongside one of them without noticing that the hole was open, and fell in. There was evidence for the jury of the plaintiff's due care and the defendant's negligence. *French* v. *Boston Coal Co.* 195 Mass. 334. *Picquett* v. *Wellington-Wild Coal Co.* 200 Mass. 470. *Regan* v. *Keighley Metal Ceiling & Roofing Co.* 220 Mass. 261.

The defendant introduced in evidence a "Release and Settlement of Claim," from the plaintiff to McMaster, dated the day after the accident. There was a verdict for the plaintiff. The defendant's exceptions are to the admission of parol evidence of what was said to the plaintiff by the attorney in whose presence the paper was signed; also as to her intention at the time to reserve a right of action against others who might be legally responsible; to the refusal of the judge to give certain instructions requested, especially with reference to the release; and to portions of the charge on the same subject.

As matter of construction it is clear that this instrument under seal is a release, and not merely a covenant not to sue. The effect which the law attaches to a release discharging the liability of a wrongdoer is the release of other tortfeasors who are jointly liable for the injury. This rule apparently is based upon the nature of their liability, which is one and indivisible. Accordingly, if one of them is discharged, or satisfies the cause of action, there remains no foundation for an action against any one. This rule applies not only to joint torts, strictly so called, but also to cases where the negligent acts of two or more persons operate concurrently to the injury of another, so that in effect the damages

sustained are rendered inseparable. *Brown* v. *Cambridge,* 3 Allen, 474. See *Feneff* v. *Boston & Maine Railroad,* 196 Mass. 575. In the application of this rule of law, where the release is absolute and unconditional, it must be given its full effect, and cannot be varied by parol evidence introduced to show that the plaintiff intended to reserve whatever rights she had against this defendant. *Boston Supply Co.* v. *Rubin,* 214 Mass. 217, 221. Nor is it material whether McMaster from whom she obtained a settlement in good faith, would have been legally liable for the injury. *Brown* v. *Cambridge, supra.* *Brewer* v. *Casey,* 196 Mass. 384. This is not a case where the injured person has given to one of the joint wrongdoers a mere agreement not to sue, without discharging the cause of action. *Matheson* v. *O'Kane,* 211 Mass. 91. *Johnson* v. *Von Scholley,* 218 Mass. 454. *O'Neil* v. *National Oil Co.* 231 Mass. 20. See *Connors* v. *Richards,* 230 Mass. 436.

It is apparent from the record that the trial judge treated the release in this case as if it were a covenant not to sue. Subject to the defendant's exceptions he permitted the plaintiff to testify that she signed the release in reliance upon a statement of the attorney that "it would let McMaster out, but I could go and do what I wanted to do with the other people;" and instructed the jury, — "if, in consequence of what the attorney said to her, she signed it, believing that she had a right of action against whoever there might be who was responsible for the injury, then it is not a bar to the responsibility of other persons." This and the refusal to give the requests numbered 10, 14, 15, 16 and 17, constituted prejudicial error.

It is also apparent from the record that the case was not submitted to the jury on the issue of fraud on the part of the attorney inducing the plaintiff to sign the release. The judge specifically told the jury that there was nothing to indicate "conduct on the part of the attorney which induced her to refrain from reading it or to prevent her from reading it." See *Freedley* v. *French,* 154 Mass. 339; *Larsson* v. *Metropolitan Stock Exchange,* 200 Mass. 367.

Other questions were raised by the defendant's exceptions. Most of them are not likely to arise at another trial, and they need not be discussed.

While the other rulings asked for could not be given in the

form requested, the first one should have been given. We do not think however that this is a proper case for ordering judgment for the defendant under G. L. c. 231, § 122. *Archer* v. *Eldredge,* 204 Mass. 323, 327.

*Exceptions sustained.*