NATHAN BALICK *v.* PHILADELPHIA DAIRY PRODUCTS COMPANY, INC., a corporation of the State of Pennsylvania.

JENNIE BALICK *v.* PHILADELPHIA DAIRY PRODUCTS COMPANY, INC., a corporation of the State of Pennsylvania.

270

(*March* 29, 1932.)

HARRINGTON, J., sitting.

*Aaron Finger* (of Richards, Layton and Finger) and *W. Thomas Knowles* for plaintiffs.

*William S. Potter* (of Ward and Gray) for defendant.

Superior Court for New Castle County, March Term, 1932.

Summons Cases, Nos. 154 and 155, January Term, 1931.

HARRINGTON, J., in charging the jury, among other things, said:

The defendant has produced and the Court has admitted the following agreement signed by Jennie Balick and Simon Balick, who was apparently her husband:

"Know all men by these presents, That we, Jennie Balick and Simon Balick, both of the city of Wilmington, New Castle County and State of Delaware, in consideration of the sum of eight hundred and fifty dollars to us paid, the receipt of which we hereby acknowledge, do hereby covenant with Nathan Balick and/or Jacob Balick, for ourselves and each of us, that we will never sue or attach the said Nathan Balick and/or Jacob Balick for or on account of any claim for damages to us or either of us or to our son, Jerry Balick, growing out of an automobile accident on August 30, 1930; and that this covenant may be pleaded as a defense to any action or other proceeding which may be brought, instituted or taken by us, or either of us, or on behalf of said Jerry Balick, against the said Nathan Balick and/or Jacob Balick, or the estate of either of them, in breach of this covenant.

"In witness whereof, we have hereunto set our hands and seals, this tenth day of November, nineteen thirty."

Because of this agreement I have been requested to direct you to return a verdict for the defendant in the action of Jennie Balick against the defendant company.

This request is based on the contention that the paper in question is not a mere covenant in consideration of the payment to her of $850 never to sue Nathan Balick for any part that he may have had in causing her alleged injuries (*Matheson v. O'Kane*, 211 *Mass*. 91, 97 *N. E*. 638, 39 *L. R. A*. (*N. S*.) 475, *Ann. Cas*. 1913B, 267; *Johnson v. Von Scholley*, 218 *Mass*. 454, 106 *N. E*. 17; *Clark v. Bullard*, 208 *Mass*. 586, 94 *N. E*. 1042; 50 *A. L. R*. 1081; 1 *Williston on Contracts* 644, § 338; 53 *C. J*. 1246, 1263), but that such paper is a full and unconditional release to him, under

seal, which necessarily operates as a discharge or extinguishment of her whole alleged right of action. If this paper were a release, that under the weight of authority it would have that effect, is now conceded (*Brown v. City of Cambridge*, 3 *Allen* [85 *Mass.*] 474; *Matheson v. O'Kane*, 211 *Mass.* 91, 97 *N. E.* 638, 39 *L. R. A.* (*N. S.*) 475, *Ann. Cas.* 1913*B*, 267; *Johnson v. Von Scholley*, 218 *Mass.* 454, 106 *N. E.* 17; 1 *Cooley on Torts*, § 83; *Williston on Contracts, pages* 628, 646, §§ 333, 338 *b; Young v. Anderson*, 33 *Idaho* 522, 196 *P.* 193, 50 *A. L. R.* 1057, *etc.;* 53 *C. J.* 1254, 1256) ; and this is true notwithstanding the previous contention of Jennie Balick's attorneys that if the defendant company was negligent and if such negligence was the real or proximate cause of her injuries, that you should be directed to determine whether Nathan Balick was, also, jointly negligent with that company; and if he was not that you should be further directed that a release to him would not defeat Jennie Balick's right of action.[1]

It is apparent, however, that this rule has no application and a release will not extinguish the plaintiff's claim when it is perfectly clear that she had no possible rights whatever on which a claim against the person released could be based. *Pickwick v. McCauliff*, 193 *Mass.* 70, 78 *N. E.* 730, 8 *Ann. Cas.* 1041; *Leddy v. Barney*, 139 *Mass.* 394, 2 *N. E.* 107; *Cormier v. Worcester Consol. St. R. Co.*, 234 *Mass.* 193, 125 *N. E.* 549.

---

[1] Whether the concession made by Jennie Balick's attorneys was based on the ground relied on by the defendant's attorney, or whether it was based on a limitation on the rule originally relied on by them and applied in some states, did not appear. Under that rule a full and unconditional release by the plaintiff in a tort action to a person against whom a claim, or something in the nature thereof, has been made ·and who, under the facts, may possibly have been jointly liable with the defendant in such action, will wholly extinguish the plaintiff's claim; and the determination of actual liability is not necessary. *Leddy v. Barney*, 139 *Mass.* 394, 2 *N. E.* 107; *Aldrich v. Parnell*, 147 *Mass.·* 409, 18 *N. E.* 170; *Pickwick v. McCauliff*, 193 *Mass.* 70, 78 *N. E.* 730, 8 *Ann. Cas.* 1041; *Cormier v. Wor. Consol. St. Ry. Co.*, 234 *Mass.* 193, 125 *N. E.* 549; *Muse v. De Vito*, 243 *Mass.* 384, 137 *N. E.* 730, 50·*A. L. R.* 1093. ·

The contention of the defendant company that the paper executed by Jennie Balick is a release is based on the insertion of this clause:

"And that this covenant may be pleaded as a defense to any action or other proceeding which may be brought, instituted or taken by us, or either of us, or on behalf of said Jerry Balick, against the said Nathan Balick and/or Jacob Balick, or the estate of either of them, in breach of this covenant."

In the very early stages of the common law, a covenant not to sue could not be pleaded in bar in a subsequent action by one of the parties to it, but in order to prevent circuity of action this rule was subsequently changed by the English Courts. *Matheson v. O'Kane*, 211 *Mass.* 91, 97 *N. E.* 638, 39 *L. R. A.* (*N. S.*) 475, *Ann. Cas.* 1913*B*, 267; *Reed v. Stoddard*, 100 *Mass.* 425; *Ford v. Beach*, 116 *Eng. Rep.* 693.

The insertion of the clause in question, therefore, gave the parties no rights that they did not already have and did not have the effect of changing what was in terms a covenant not to sue to a release.

True, the contention of the attorney for the defendant that the paper in question is a release is supported by *Hawbar v. Raley*, 92 *Cal. App.* 701, 268 *P.* 943, but I am unable to agree with the conclusion reached in that case on that point.

As I view it, the better rule is expressed in *Matheson v. O'Kane*, 211 *Mass.* 91, 97 *N. E.* 638, 39 *L. R. A.* (*N. S.*) 475, *Ann. Cas.* 1913*B*, 267, *supra*, which construed a very similar agreement as a covenant not to sue, which, therefore, did not bar the plaintiff's right of action against the defendant.

Nor was the paper in question admitted on the ground that it was a release of Jennie Balick to Nathan Balick.

It shows that Jennie Balick has already been paid eight hundred and fifty dollars by reason of damages which she claims she suffered in the collision in question, and was admitted in evidence in mitigation or reduction of any other

damages that she might be entitled to in this action, in case your verdict should be in her favor.

After charging on negligence, negligence *per se* and contributory negligence, and stating the rule as to the care required of a mere passenger in a car, substantially as in *Poynter v. Townsend,* 3 *W. W. Harr.* (33 *Del.*) 51, 130 *A.* 678, the Court then said: That this rule applies to Jennie Balick is clear, as it is not contended that she was any more than a mere passenger in the Balick car.

It can, however, have no application to Nathan Balick who owned the car in which he was riding when he was injured and whose son was then operating it for him and who, by reason of that fact, was his agent at that time.

█ If, therefore, there was any negligence on the part of such driver in any way contributing to the collision and the damages resulting therefrom, Nathan Balick cannot recover in this action. *Carero v. Breslin,* 128 *A.* 883, 3 *N. J. Misc.* 507.

Whether, however, there was any such negligence on the part of the driver constituting either the real cause, or even one of the contributing causes of the collision, whether in failing to keep his car under proper control, in driving too close to the defendant's truck, in lack of attention in managing the car, or otherwise, is for you to determine. * * *

█ When contributory negligence is relied on as a defense, the burden of proving that fact by the preponderance of the evidence rests upon the defendant. * * *

█ If your verdict shall be for the plaintiff, Jennie Balick, it should be for such a sum as will reasonably compensate her for her injuries, if any; and for such a further reasonable and proper sum as she has been compelled to pay out in the way of medical attention, and for domestic services as a result thereof.

As already pointed out, it appears from the undisputed evidence that Jennie Balick has already been paid

$850 because of her alleged injuries and has covenanted not to sue Nathan Balick because of such injuries.

■ There is no such covenant as to the defendant company but as she cannot recover more than one satisfaction for any such injuries, the $850 already paid to her on behalf of Nathan Balick must be considered by you in determining whether she is entitled to any additional damages in this action and, if so, the amount of such damages. *O'Neil v. Nat. Oil Co.*, 231 *Mass.* 20, 120 *N. E.* 107; *Snow v. Chandler*, 10 *N. H.* 92, 34 *Am. Dec.* 140; *Chamberlin v. Murphy*, 41 *Vt.* 110; *Dwy v. Connecticut Co.*, 89 *Conn.* 74, 92 *A.* 883, *L. R. A.* 1915*E*, 800, *Ann. Cas.* 1918*D*, 270; *Rice v. Reed* (1900), 1 *Q. B.* 54 (58), 25 *H. L. R.* 203 (218); 53 *C. J.* 1264.

In fact, this does not seem to be seriously denied by Jennie Balick's attorneys.

Verdicts for the defendant in both actions.