ANTON B. CARERO AND ETHEL M. LLOYD, PLAINTIFFS, v. THOMAS J. BRESLIN, DEFENDANT.

CLARENCE LLOYD AND ANN LLOYD, PLAINTIFFS, v. THOMAS J. BRESLIN, DEFENDANT.

Submitted January 16, 1925—Decided May 5, 1925.

Negligence—Motor Vehicle Collision—Defendant's Car Made Left-hand Turn, Keeping the Narrow Instead of Wide Turn, and at a Rapid Rate, According to Plaintiffs' Testimony, Which Properly Made It a Jury Question—The Question of Contributory Negligence Also For Jury—Denial of Direction of Verdict For Defendant Proper—Daughter of Defendant Was Driving Defendant's Car, and For His Convenience—The Several Refusals to Charge According to Defendant's Request Considered and Disposed of Adverse to Defendant's Contention—Verdict Found Excessive as to Two Plaintiffs, and Ordered Reduced.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiffs, *Stokes & McDermott* (*William Hartshorne,* of counsel).

For the defendant, *Frank G. Turner.*

PER CURIAM.

The above cases are before us on rules to show cause allowed to the defendant. The actions were tried at the Mon-

mouth Circuit. Both suits arose out of an automobile accident occurring between the hours of eight and nine P. M. (daylight-saving time), on July 5th, 1924.

Anton B. Carero and Ethel Lloyd owned jointly an Oakland touring car. On the evening in question Ethel Lloyd invited her father and mother for a ride. The occupants of the car were Carero, Ethel Lloyd, Clarence Lloyd and Ann Lloyd. The car was being driven by Ethel Lloyd on the road extending from Freehold to Matawan. This road runs approximately north and south. The car was being driven northwardly. About six or seven miles north of Freehold this highway is crossed by a highway leading to Holmdel. The road from Freehold to Matawan is an improved concrete road. The intersecting highway is also an improved road as far as the Freehold road. West of the Freehold road it is not improved. The southeast corner of the two roads is cut away in a long curve, which permits cars to turn the curve at considerable speed. As the car being driven by Ethel Lloyd was approaching this corner, the car of the defendant, Thomas J. Breslin, was being driven westwardly by his daughter, a girl of about eighteen years of age. The Breslin car was on its way to Camden via Freehold. It was therefore necessary for Miss Breslin to turn to the left into the road to Freehold. The occupants of the car driven by Miss Lloyd testified that the car in which they were riding was being driven carefully and slowly, close to the right-hand side of the road. The view down the Holmdel road was somewhat obstructed by a field of growing grass. Suddenly the Breslin car turned around the corner, close to the wall on the left. Miss Lloyd, when she saw the Breslin car, thinking that she might avoid the accident, turned her car to the left. The Breslin car struck the car driven by Miss Lloyd near the right-hand front wheel. Both cars went over to the west side of the Freehold road. The Breslin car (a Cadillac) cleared the road and landed in the shrubbery on the westerly side of the road. None of the occupants of the Breslin car, who were Miss Breslin, her father, Thomas J. Breslin, Mrs. Breslin, and Dr.

James Breslin, a brother of the owner of the car, appear to have been seriously injured. All of the occupants of the car driven by Miss Lloyd, with the exception of Carero, were injured. These injuries will be referred to later.

Carero and Miss Lloyd instituted an action against Thomas J. Breslin for damages to their car. In this action Miss Lloyd also sued to recover damages for the personal injuries which she had received. Clarence Lloyd and Ann Lloyd instituted another action against Mr. Breslin to recover damages for the personal injuries which they had received. Carero obtained a verdict for $200. Miss Lloyd received a verdict for $3,500. Clarence Lloyd was awarded $10,000 and Ann Lloyd $2,000.

The first point argued under the rules for the defendant is that the trial judge should have nonsuited the plaintiffs. We think the trial judge ruled properly in refusing to grant a motion to nonsuit. The evidence given by the occupants of the Lloyd car has been referred to. From their testimony there was evidence of negligence upon the part of the driver of the Breslin car. This consisted principally of the speed at which the car was being driven and the manner in which the car made the left-hand turn, it being kept close to the southeast corner instead of being driven out to the centre of the Freehold road and making a wide turn. A trial court, in passing upon a motion to nonsuit, must refuse to grant the same if there be evidence offered by the plaintiff from which the jury can find negligence on the part of the defendant. This was the situation in the present case. The defendants, of course, presented contradictory testimony, namely, that the Cadillac car in which they were riding was going slowly on the proper side of the road, and was run into from the left by the car driven by Miss Lloyd, which was being operated at a speed of forty miles an hour. It was for the jury to pass upon the testimony presented.

The second point urged is that there should have been a nonsuit against Ethel Lloyd and Carero, because Ethel Lloyd was guilty of contributory negligence. This was a jury ques-

tion from the evidence, which has just been stated.  The motion on this ground was properly denied.

The third point argued by the defendant is that verdicts should have been directed in favor of the defendant.  What has been said with reference to the motion of nonsuit applies equally to this motion.  The trial court ruled properly in refusing to direct verdicts for the defendant.

The fourth point argued by the defendant is with reference to a portion of the charge of the trial court.  The trial judge told the jury that Mr. Breslin, the owner of the car, was the person who was responsible for the acts of his daughter, who was driving the car.  It is claimed that this was error.  There is no dispute as to these facts.  We think this portion of the charge of the trial judge was correct.  Miss Breslin was driving the defendant's car, and was driving it for his convenience.

. The fifth point argued deals with the refusal of the trial court to charge a request that "if the plaintiffs were connected in a common enterprise there could be no recovery against the defendant, even if the driver of the defendant's car was negligent, provided Miss Lloyd was negligent.  It will be observed that this request was general and applied to all the plaintiffs.  The evidence was that the parents of Miss Lloyd were mere guests.  There was no evidence that they were in any common enterprise.  It was therefore proper for the court to refuse to charge the request.  The trial judge did charge that Carero was affected by any negligence of Miss Lloyd.  This was all that the defendant was entitled to.

The sixth contention made in behalf of the defendant deals with the refusal of the court to charge the following request: "For an invitee passenger in an automobile to recover damages the evidence must preponderate to show that the accident was not caused by the sole negligence of the driver of plaintiff's automobile."  This point is fully covered in the charge of the trial court.  The trial judge told the jury that the plaintiffs to succeed must establish by a fair preponderance of evidence that the defendant was negligent, and that such negligence was the proximate cause of the accident.

The seventh point in the defendant's argument deals with the refusal of the court to charge the following request: "If the defendant's automobile was the first to reach the street intersection there it had the right of way, and if the accident was caused by the fact that the plaintiffs' automobile did not yield the right of way, your verdict must be no cause of action." This is an inaccurate statement of the law. The request is too broad. While the traffic act gives the right of way to the car approaching on the right, yet this right of way cannot be exercised under all conditions. In refusing to charge this request the trial judge ruled correctly.

The eighth point made in behalf of the defendant is a criticism of the following portion of the court's charge, to wit: "Such negligence upon her part would defeat her [Miss Lloyd's] right to recover, but not the right of her passengers, her father and mother. They were passengers riding by the invitation of their daughter, and in no event could they be charged with any contributory negligence upon the part of their daughter." There was no contradiction of the testimony that the parents of Miss Lloyd were invited guests. Under this state of the testimony the court correctly stated the law in the portion of the charge just quoted.

The ninth point made by the defendant deals with the refusal of the court to charge the following request: "If the defendant was riding in his car at the invitation of the driver thereof there can be no recovery against defendant, even though the driver of defendant's car was negligent." In our opinion the court properly refused this request. He was not riding upon any invitation of his daughter.

The tenth point deals with the question of whether or not the verdicts are excessive. This will be passed for the present and dealt with later.

The thirteenth point is that the verdicts are against the weight of the evidence. After reading the evidence we are satisfied that the verdicts are not against the weight of the evidence.

Counsel for the defendant next considers under the title "illegal evidence for plaintiff was admitted," certain testi-

mony given by a witness, Dr. Moffett, and a witness, Mr. Brandt. Under the title "the court refused to admit legal evidence offered by the defendant," the defendant questions the ruling of the trial judge in overruling an offering of an entire article written by the defendant relative to the accident, which was published in a newspaper. These points are sought to be argued under reasons which are the same as the titles of the points referred to. Rule 125 of the Supreme Court provides as follows: "On all rules to show cause for new trials in arrest of judgment, or to set aside inquisitions, awards and reports of reference, the party entering such rule shall write down the reasons upon which he rests such motion *with such particularity as is now required in stating grounds of appeal,* and shall cause the same to be filed and a copy thereof to be served on the opposite party within thirty days after the entry of the said rule, and the argument thereof shall be brought on at the next term after the entry of such rule, or the same shall be discharged, unless for special cause shown." It will be observed that these reasons are general and are lacking in that particularity referred to by this rule. We feel that for this reason they should not be considered. We have, however, examined with care the points made by the defendant, and feel that no harm was done to the defendant in the rulings which the trial court made, and which are considered under these titles as points fourteen and fifteen of the defendant's brief.

This leaves for consideration only the question as to whether the damages awarded were excessive. The judgment of $200 in favor of Carero is warranted by the evidence. Mrs. Lloyd sustained broken ribs, a punctured lung and minor injuries. We do not feel that the verdict of $2,000 awarded to her by the jury is excessive. The jury awarded to Ethel Lloyd $3,500. Two hundred dollars of this represented the loss which she sustained by reason of the damage to the car. Her personal injuries consisted of a V-shaped laceration on the forehead which came down over the eyebrow into the small part of the upper eyelid, but not into the lid. The testimony

showed that the scar is not disfiguring. It is not attached to any of the muscles. Miss Lloyd also received an abrasion on the inside of the knee, which left a red spot about as large as a five-cent piece. Located in this part of the body it could not, in our opinion, be deemed a deformity. We think the amount awarded to her excessive. It should be reduced to $2,500.

Clarence Lloyd was awarded $10,000. He suffered a fractured leg at the junction of the lower and middle third of the femur. One of his fingers was also injured. A stiffness of the joint has resulted. It was contended that his ability as a weaver, which was his occupation, would be decreased. There was evidence of a shortening of the leg. We are of the opinion, however, that the verdict is excessive. It should be reduced to $7,500.

If Ethel Lloyd will file her written consent within thirty days after the filing of this opinion to the reduction of the verdict rendered in her favor to the amount of $2,500, the rule to show cause as to her will be discharged. Otherwise, it will be made absolute.

If Clarence Lloyd will file his written consent within thirty days after this opinion is filed to the reduction of the verdict rendered in his favor to the amount of $7,500, the rule to show cause as to him will be discharged. Otherwise, it will be made absolute.

In the cases of Carero and Ann Lloyd the rule is discharged.