GILBERT FRANKE, PLAINTIFF, v. JOHN A. REDDAN, DEFENDANT.

Submitted October 17, 1930—Decided April 2, 1931.

Before Justices CASE, DALY and DONGES.

For the rule, *James J. McGoogan.*

*Contra, Ryman Herr.*

Per Curiam.

This is defendant's rule to show cause why a verdict for $10,552 in favor of the plaintiff for personal injuries sustained by reason of a collision with defendant's automobile should not be set aside. The only question raised is as to the amount of the verdict.

The damages claimed in the complaint were $10,000. The verdict in excess of that amount is unlawful and will have to be set aside. Plaintiff, however, agrees to remit the excess and this may be done under *Rafferty* v. *Bank,* 33 *N. J. L.* 368, and *Excelsior Electric Co.* v. *Sweet,* 59 *Id.* 441.

Plaintiff sustained a compound fracture of the tibia and fibula of the left leg. He also had some minor injuries to the head. The medical testimony was that his left leg is one inch shorter than the other, and that at the present time he walks with a slight limp. Plaintiff is in his early twenties and the probabilities are that he will make a good recovery.

We are of opinion that the verdict is excessive and should be reduced to $7,500, or a new trial granted. *Carero* v. *Breslin,* 128 *Atl. Rep.* 883. If the plaintiff will remit the excess over $7,500 the rule will be discharged, otherwise the rule will be made absolute.