## L. L. STIMPSON *vs.* S. S. POOLE.

Suffolk.   Nov. 10, 1885. — May 6, 1886.   DEVENS & GARDNER, JJ.,
absent.

A., being insolvent, gave to B., in payment for a preëxisting debt, his promissory note indorsed by C., to whom A., with B.'s knowledge, gave a mortgage of per-sonal property not exempt from attachment. B. had reasonable cause to be-lieve A. insolvent, and refused to take his note unless it was indorsed by C., who also refused to indorse the note unless the mortgage was given as security. Proceedings in insolvency were, within four months, begun against A., and his property, including that mortgaged to C., was duly sold by the messenger in in-solvency, and the proceeds paid to A.'s assignee. In pursuance of an agreement between B. and C., B. took up the note at its maturity, and C. paid him a cer-tain sum received from A.'s assignee as a compromise of C.'s claim under the mortgage. This sum was less than the amount of the note, and less than the amount paid by the messenger to the assignee. The assignee, before paying

this sum to C., knew that B. refused to take the note unless indorsed by C., and that the mortgage was given to secure C. against his indorsement. *Held,* that the settlement between the assignee and C. was a bar to an action by the assignee against B. to recover the sum paid by C. to B.

CONTRACT, by the assignee in insolvency of the estate of Gideon P. Noyes, to recover the proceeds of a promissory note, alleged to have been given by Noyes to the defendant as a preference. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon agreed facts, in substance as follows :

On October 15, 1883, Noyes, being insolvent, and being indebted to the defendant for a preëxisting debt, gave to the defendant, in payment for said debt, his promissory note for $150, payable in four months, indorsed by S. G. Dorman. The defendant had reasonable cause to believe Noyes insolvent, and refused to take Noyes's note unless it should be so indorsed by Dorman. To secure Dorman against liability as such indorser, Noyes, with the knowledge of the defendant, had given Dorman a mortgage on one half of certain personal property of Noyes not exempt from attachment, Dorman having refused to indorse the note unless he could be secured by said mortgage. The defendant immediately got the note discounted at a bank, and received the proceeds.

On February 11, 1884, a petition in insolvency was filed against Noyes's estate by creditors, a warrant was issued, and his property, including that mortgaged as aforesaid, was taken possession of and sold by the messenger in insolvency, by order of the Court of Insolvency. The plaintiff was duly elected assignee of Noyes's estate, and the messenger transferred the proceeds of said sale, to wit, $275, to the plaintiff as assignee.

After said note became due, it was agreed between Dorman and the defendant that the defendant should take up the note at the bank, and that Dorman should pay over to the defendant whatever sum Dorman should recover from the insolvent estate under said mortgage. In pursuance of this agreement, the defendant took up the note at the bank, and Dorman subsequently paid to the defendant $128 ; being the amount received by Dorman from the assignee as a compromise of Dorman's claim under said mortgage.

The assignee, before paying said $128 to Dorman, knew that the defendant had refused to take said note from Noyes unless indorsed by Dorman, and also knew that said mortgage was given to Dorman to secure him against said indorsement.

This action was brought to recover the amount received by the defendant on said note, namely, $150; but the plaintiff now claims only $128, being the net amount now retained by the defendant.

*L. L. Stimpson, pro se.*

*C. W. Cushing,* for the defendant.

C. ALLEN, J. The injury of which the plaintiff complains consists in the transfer by way of mortgage of the property of Noyes to Dorman. If Dorman had merely indorsed the note of Noyes to the defendant, and afterwards paid it, taking no property from Noyes as security, the other creditors of Noyes would have sustained no injury, and the plaintiff would have had no right of action against either Dorman or the defendant. It is the withdrawal of property of Noyes from the assets of his estate which alone gives the right of action against either. The plaintiff contends that for this act an action would lie against Dorman, if he had reasonable cause to believe the debtor insolvent; and, even if Dorman had no such reasonable cause, that an action would lie against the defendant, if, at the time of this arrangement for his benefit, he had such reasonable cause of belief. Let this be assumed to be so. Upon this assumption, if the assignee, when entering upon his duties, had found that Dorman held and claimed title under a mortgage given under the circumstances stated in the agreed facts, three courses would have been open to him: 1. To take possession of the property if he could, and sell it, in disregard of the mortgage. 2. To bring an action against Dorman. 3. To bring an action against the defendant as the person preferred or to be benefited by the transaction. In either case, his ground of claim and cause of action would be the withdrawal of the property from the estate of Noyes.

The first course was the one adopted. The property itself was taken and sold with other property of the debtor, not by the assignee in person, but by the messenger, and the proceeds of the sale were paid over to the assignee. By receiving

these proceeds, the legal position of the assignee in respect to the matters now in controversy became the same as if he had made the sale in person. It sufficiently appears in the agreed facts, that Dorman thereupon asserted a claim against the assignee for the taking of the mortgaged property. It is not stated in terms that an action was brought by Dorman, and this fact is immaterial; but he received the sum of $128 from the assignee, as a compromise of his claim under the mortgage. This sum was less than the amount of the liability which Dorman had incurred for Noyes upon the note, and was less than the amount which the assignee had received from the messenger. The compromise was the result of a mutual concession between the parties.

The agreed facts do not show whether Dorman had or had not reasonable cause to believe Noyes insolvent. This was never ascertained. It was probably in controversy. Dorman must have contended that he did not have such reasonable cause of belief. The assignee must have contended the contrary. Neither party yielded to the other in full, but a compromise was entered into implying that each conceded something. The legal effect of this compromise must be exactly the same as if, instead of the messenger's taking and selling the property in disregard of the mortgage, the assignee had asserted a claim or brought an action against Dorman, and a compromise of such claim or action had been made. But the effect of a compromise in the latter case would be to discharge the claim of the assignee. Money paid, which is to be in full for an unliquidated or a disputed claim, is taken in discharge of it, and constitutes a full defence against any further assertion of the claim. What has been received is in law deemed to be a satisfaction of the claim. *Donohue* v. *Woodbury*, 6 Cush. 148. *Tuttle* v. *Tuttle*, 12 Met. 551. *Barlow* v. *Ocean Ins. Co.* 4 Met. 270. Being satisfied, an action upon the same claim cannot be maintained, either against the original defendant, or against anybody else. The principle is analogous to that which prevails in the case of several joint trespassers or tortfeasors. A release to one, or satisfaction from one, discharges all. *Stone* v. *Dickinson*, 5 Allen, 29. *Goss* v. *Ellison*, 136 Mass. 503. *Lovejoy* v. *Murray*, 3 Wall. 1. A case more closely similar, perhaps, is *Brown* v. *Cambridge*, 3

Allen, 474. There the plaintiff had sustained a personal injury by falling into a trench in a public highway, and at first sued the Cambridge Water Works to recover damages for the injury, and received a small sum in full payment and satisfaction for the damages claimed and costs, and afterwards sued the city. It was held that the latter action could not be maintained, because his claim had been satisfied and discharged. The same result must follow here. The claim of the assignee for injury to the debtor's estate by reason of the mortgage was asserted first against Dorman. It was not defeated on a ground which would be inapplicable in favor of the defendant, but it was pursued with such effect that the assignee received and retained from the proceeds of the sale of the property a sum of money in compromise thereof. As was declared in *Brown* v. *Cambridge*, he cannot now be heard to say that, in point of fact, he had no valid claim against Dorman, but compelled him to buy his peace by the settlement of a claim which was groundless; but he is to be regarded as having urged his claim against Dorman in good faith. Indeed, the plaintiff does not now even attempt or offer to show that his claim against Dorman was groundless, for the reason that Dorman believed, and had reason to believe, Noyes solvent. As has already been said, the agreed facts are silent on this point. But he insists that he can retain the fruits of his settlement with Dorman, and still maintain his action against the defendant, founded upon the same withdrawal of property which was the subject of that claim and that settlement. If the claim against Dorman had been paid by him in full, clearly the present action would be barred. The same result follows from the acceptance by the plaintiff of a sum from Dorman which the law deems to be a full satisfaction of that claim.

*Judgment affirmed.*