EMMA A. McCOY, APPELLANT, v. ARTHUR W. MILBURY, RESPONDENT.

Argued March 12, 1915—Decided June 14, 1915.

On appeal from the Supreme Court.

The suit was upon an alleged oral understanding by defendant to protect plaintiff against any loss that might be incurred by her purchasing certain mining stock at defendant's suggestion as claimed. The stock deteriorated in market value, and plaintiff called upon defendant to indemnify her. It was disputed whether he had ever agreed to indemnify her, and also whether there was any liability on such alleged agreement. Finally, the parties came together and executed an agreement intended to adjust their differences, but containing a clause that plaintiff reserved the right to terminate it at any time on giving a specified notice. Such notice was given after defendant had repurchased a considerable amount of the stock under the agreement and plaintiff sought by her suit thereafter brought, to hold defendant on his alleged original undertaking. Plaintiff had a verdict, which on rule to show cause was set aside by the Supreme Court in the following *per curiam :*

"Among the matters that the court left to the jury was the question whether the agreement of April 8th, 1911, was an entirely new agreement; that it was to take the place of, and did take the place of, anything that had gone before. We think this was not a jury question. The making of the agreement was undisputed, and there can be no question that it was intended as a compromise and settlement of the matters in difference between the parties. If so, as the court properly charged, it put an end to any pre-existing liability of the defendant. The option of revocation given to Miss McCoy at the end of the agreement did not operate to revive any such pre-existing liability, but was to guard against any obligation on her part to return unredeemed stock if she chose to retain it.

"The effect of the agreement of 1911 being to supersede prior relations of the parties, as a court question, the trial court should have directed a verdict for the defendant.

"This result makes it unnecessary to discuss any of the other grounds for new trial that were argued.

"The rule to show cause will be made absolute."

The case went back for a second trial, at which the printed book of the evidence at the first trial was submitted as the evidence in the case, and thereupon the trial judge following the intimation of the Supreme Court directed a verdict for the defendant, and plaintiff appealed to this court.

This agreement in question is as follows:

Agreement between Emma A. McCoy, of New Brunswick, N. J., and Arthur W. Milbury, of Hoboken, N. J., dated Saturday, April 8th, 1911.

Whereas, Emma A. McCoy, of New Brunswick, purchased and became the possessor of five thousand six hundred (5,-600) shares of stock of Douglass Mining Company of South Dakota, and paid two thousand dollars ($2,000) for the same (fifteen hundred dollars ($1,500) on or about May 28th, 1907, and five hundred dollars ($500) on or about August 7th, 1907), which makes the said stock cost something less than thirty-six cents ($0.36) per share, and

Whereas, the business of the Douglass Mining Company has not proved profitable, and

Whereas, the seller of the aforesaid stock, Arthur W. Milbury, voluntarily and of his own free will, desires to refund the investment of $2,000 made by the said Miss McCoy, now therefore

It is hereby agreed: (1) that the said Milbury will repurchase the said 5,600 shares at the rate of thirty-six (0.36) per share, paying therefor from time to time as he may be financially able; (2) that the said Miss McCoy will transfer and deliver to the said Milbury or his assigns, or in blank as he may direct, an equivalent amount of said stock at thirty-six cents per share for each and every payment that shall be made by said Milbury to said Miss McCoy under this agreement; (3) that the said Milbury has this day paid the said Miss McCoy five hundred and forty dollars ($540) in cash, the receipt of which is hereby acknowledged by the said Miss McCoy, and that the said Miss McCoy has this day transferred and delivered to the said Milbury certificates for fifteen hundred (1,500) shares of said stock, the receipt of which is hereby acknowledged by the said Milbury; (4) that when all payments made by the said Milbury shall aggregate two thousand dollars ($2,000), then the said Miss McCoy shall transfer and deliver to the said Milbury the entire balance remaining of the said five thousand six hundred shares; (5) that the intent and understanding of this agreement is that the said Milbury shall pay the said Miss McCoy a total of two thousand dollars ($2,000), of which five hundred and forty dollars ($540) has been paid this day, and that the said Miss McCoy shall transfer and deliver to said Milbury a total of five thousand six hundred shares of stock of said Douglass Mining Company, of which one thousand five hundred shares have been transferred and delivered this day; (6) that the said Emma A. McCoy reserves the right and power to terminate this agreement at any time, but that such termination shall not be valid unless written notice of same shall have been delivered to said Milbury by registered mail; (7) that the said Milbury shall pay all costs connected with

carrying out this agreement, including cost of transfer of stock.

This agreement is executed in triplicate this 8th day of April, 1911.

Witnessed by:

G. A. ALLEN,                    ARTHUR W. MILBURY,
ELIZABETH A. ALLEN,        EMMA A. McCOY.

For the appellant, *Freeman Woodbridge.*

For the respondent, *Gilbert Collins.*

PER CURIAM.

We think the view taken by the Supreme Court was correct. The agreement was not drawn by counsel and does not express in technical language that it is intended to fix and ascertain the rights of the parties in substitution for the pre-existing dispute as to those rights; but it was concededly executed in view of the existence of a controversy between the parties, and concededly also it covers the whole basis of their dispute, viz., the purchase by Miss McCoy of the stock. It is urged that the agreement is no more than an accord, and that only partial satisfaction was made. To this view we do not agree. If from the paper it could be read that Miss McCoy had certain claims against Milbury which she would satisfy upon payment by him of thirty-six cents per share as he was able, the original liability would be kept alive, and the paper would be merely an accord and inefficacious as a bar to a suit on the original cause of action until fully executed; but it does not so state or imply. On the contrary, it establishes a fixed and definite status between the parties. It was an agreement by plaintiff to sell her stock, and by defendant to purchase it, on specified terms. The reservation to plaintiff of the right to terminate the relation had no reference to resumption of a former status, but as the Supreme Court said, was to relieve plaintiff of the obligation to sell McCoy the stock if she changed her mind. We think the paper was a compromise and settlement, but whether it was that or a

novation it superseded the pre-existing situation. The direction was therefore right and the judgment will be affirmed.

We find it unnecessary to deal with any of the other points made.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, JJ.. 13.

*For reversal*—None.