LUTZ *v.* FRICK COMPANY, A PENNSYLVANIA CORPORATION.

[No. 30,229. Filed March 26, 1962.]

*Dann & Backer,* of Indianapolis, and *Evens, Baker & Barnhart,* of Bloomington, for appellant.

*Regester & Regester,* of Bloomington, and *Brunner, Brown & Brunner,* of Shelbyville, for appellee.

LANDIS, J.—This case comes to this Court on petition to transfer from the Appellate Court, the Appellate Court opinion appearing .in 172 N. E. 2d 878.

Appellee, Frick Company, brought suit in the Monroe Circuit Court against appellant, Jacob Lutz, on three promissory notes in the amount of $3,360.00 each, signed by appellant as guarantor[1] for Shelby Blue River Farms, Inc., the principal debtor.

---

1. The guaranty signed by appellant on the back of said notes provided:

"For Value Received, I hereby guarantee payment of within note and all extensions of same at maturity, thereof and at any time thereafter, and waive demand, protest, notice of protest and non-payment and suit against the maker; consent that same may be extended from time to time, and at higher rate of in-

The complaint alleged the following facts, to-wit: the execution of the notes, the guaranty by appellant Lutz on the back thereof, and that the principal debtor, Shelby Blue River Farms, Inc., was thereafter adjudged to be a bankrupt by the U. S. District Court for the Southern District of Indiana. The notes were secured by a chattel mortgage and thereafter appellee filed petition for reclamation of the mortgaged property which was denied by the referee in bankruptcy, and the mortgaged property was sold by the trustee in bankruptcy at public auction for the sum of $9,100.00.

The complaint further alleges appellee obtained the full amount of $9,100.00 realized on said sale "through a compromise agreement by which said plaintiff [appellee] agreed to compromise and settle in full its claim against said bankrupt." That demand was made on appellant Lutz for the unpaid balance on said notes which was due and unpaid. Wherefore appellee demanded judgment, etc.

Appellant filed answer admitting some and controverting other allegations of the complaint, and further alleging:

"That the Plaintiff [appellee] compromised his claim against the bankrupt, Shelby Blue River Farms, Inc., by 'compromise and settlement in full' with the Trustee of said bankrupt in lieu of proceedings with such remedies as the Bank-

---

terest, without affecting my liability, thereon; and I hereby waive diligence on the part of any holder hereof in collecting the said note, and any defense arising out of lack of diligence in enforcing the collection thereof.

"If this note, together with others, is secured by mortgage, it is agreed, that in case of foreclosure or return of the property mortgaged, the proceeds realized from said foreclosure or from resale of property returned, shall first be applied for the expenses of foreclosure, second upon the notes unendorsed or not guaranteed, and the balance on guaranteed notes."

ruptcy Act provides for secured creditors, and further that he compromised in full his rights rather than proceed with such remedies as the Bankruptcy Act provides for secured creditors in the event the sale of said property covered by mortgages does not return in sale the amount of the indebtedness."

Trial was had by the court without a jury, resulting in a finding and judgment for appellee-plaintiff in the sum of $1,949.80 principal, $545.93 interest, and $250.00 attorney fees, or a total sum of $2,745.73 and the costs of the action. Appellant's motion for new trial was overruled and he appealed to the Appellate Court which affirmed the judgment.

Appellant contends on his appeal that the trial court's decision is contrary to law because appellee compromised its claim against the principal debtor, Shelby Blue River Farms, Inc., without the consent or assent of appellant, and that the compromise by a creditor with the principal without the consent of the guarantor discharges the guarantor.

There can be no question but that it is the settled law that any binding change in the principal's contract to which the guarantor or surety does not consent will discharge the latter from liability. *Miller* v. *Stewart* (1824), 9 Wheat. 680, 6 L. Ed. 189; *Crouch & Son* v. *Parker* (1919), 188 Ind. 660, 125 N. E. 453, 7 A. L. R. 1598. This Court stated in the latter case (p. 667 of 188 Ind., p. 456 of 125 N. E., and p. 1603 of 7 A. L. R.):

" . . . It is a sound and well-settled principle of law that sureties are not to be made liable beyond their contract, and any agreement with the creditor, which varies essentially the terms of the contract, without the assent of the surety, will discharge him from responsibility. . . ."

Part payment founded upon a valid agreement and consideration between the principal and creditor discharges the surety. 50 Am. Jur., Suretyship, §122, p. 984. As stated by this Court:

" . . . The extinguishment of the direct engagement of the principal, no matter how accomplished, extinguishes the collateral liability of the surety. . . ." *Bridges, Administrator,* v. *Blake et al.* (1886), 106 Ind. 332, 335, 6 N. E. 833, 835.

"The general rule is that a surety is discharged when the liability of his principal is extinguished. . . ." *McKee* v. *Harwood Automotive Co.* (1932), 204 Ind. 233, 236, 183 N. E. 646, 647.

We are unable to see how the pendency of the bankruptcy proceedings as to the principal debtor in the case before us affects the application of this rule.

The case is quite analogous to the case of *Quirk* v. *Smith* (1929), 268 Mass. 536, 168 N. E. 174, where the plaintiff-appellant filed a reclamation petition in the bankruptcy court which was compromised and settled for a lesser figure and approved by the court. The Court stated that if plaintiff-appellant in that case failed in his reclamation petition he could prove his claim only as a general creditor, and that under those circumstances plaintiff-appellant and the trustee reached an agreement for compromise, which was approved by the court. It was further stated (p. 541 of 268 Mass., p. 177 of 168 N. E.) :

" . . . We are of the opinion that on the pleadings in the bankruptcy court a compromise of the nature here set forth without express reservation of rights against individual partners is the end of the whole claim. The compromise included the claim made by the petition for reclamation

of the entire $10,000. That was compromised by order of court and with assent of the plaintiff. It was not in the nature of an allowance of the claim for a specified amount by judicial order. It was a compromise. It gave the plaintiff much more than the percentage by way of dividends due on his proof of claim on the same footing with all the other creditors. A compromise of a claim of that nature wipes out the claim. It stands on the same footing as would a compromise between the parties in the country. 'Money paid, which is to be in full for an unliquidated or a disputed claim, is taken in discharge of it, and constitutes a full defence against any further assertion of the claim.' *Stimpson* v. *Poole*, 141 Mass. 502, 505 [6 N. E. 705]. *Barlow* v. *Ocean Ins. Co.*, 4 Met. 270, 275. *Kerr* v. *Lucas*, 1 Allen, 279. *Kennedy* v. *Welch*, 196 Mass. 592, 596 [83 N. E. 11]. *Boston Supply Co.* v. *Rubin*, 214 Mass. 217, 220 [101 N. E. 133]. *McCoy* v. *Milbury*, 87 N. J. L. 697 [94 A. 621]. *Bandman* v. *Finn*, 185 N. Y. 508 [78 N. E. 175, 12 L. R. A. (N. S.) 1134]. *Flegal* v. *Hoover*, 156 Penn. St. 276 [27 A. 162]. *Chicago, Terre Haute & Southeastern Railway* v. *Meurer*, 187 Ind. 405, 410 [119 N. E. 714]. *Barr* v. *Gilmour*, 204 Ky. 582, 588 [265 S. W. 6]. *United States* v. *Justice*, 14 Wall. 535, 548, 549 [20 L. Ed. 753]. *St. Louis, Brownsville & Mexico Railway* v. *United States*, 268 U. S. 169, 176 [45 S. Ct. 472, 69 L. Ed. 899]. . . ."

In the case before us it cannot be properly contended that the settlement of the claim against the bankrupt amounted to a composition among the creditors under the Bankruptcy Act[2] rather than a voluntary compromise by appellee. A composition under the Bankruptcy Act does not have the effect of releasing the surety's or guarantor's

2. 8 C. J. S., Bankruptcy, §653, p. 1688, (1938 Edition).
"A composition under the Bankruptcy Act is a bargain or settlement partaking of the nature of a contract which, with the approval of the court, a debtor against whom a voluntary or involuntary petition has been filed or who has been adjudged a bankrupt, makes with his creditors to release his property from creditors' claims and secure his own discharge in return

obligation[3] and is of an entirely different footing in the eyes of the law from a compromise voluntarily entered into by an individual creditor.[4] As stated in *Crouch & Son* v. *Parker, supra* (1919), 188 Ind. 660, 125 N. E. 453, 7 A. L. R. 1598, the latter is an alteration of the original contract which even if it is to the surety's benefit, discharges the surety.

There is no merit to appellee's contention that the particular compromise and settlement in the case before us would not release the surety although an accord and satisfaction would. The argument cannot properly be made here by appellee that there was no question before the trial court concerning an agreement *to compromise and settle in full* the claim against the bankrupt debtor, when it appears appellee in its complaint averred such an agreement in express terms.[5] Appellee is precluded on appeal from denying the existence of facts which were alleged in its pleadings in the trial court.

The judgment is reversed with directions to sustain the motion for new trial.

Achor, C. J., and Arterburn, Jackson and Bobbitt, JJ., concur.

NOTE.—Reported in 181 N. E. 2d 14.

---

for the payment of a specified sum to be distributed ratably among the general creditors, and such sum as may be necessary to pay priority claims and costs of the proceedings. . . ."

3. 8 C. J. S., Bankruptcy, §666(e), p. 1710; 6 Am. Jur., Bankruptcy, §1319, p. 1322, (1938 Edition).

4. The coercion of the minority is the crux of a composition. Otherwise the intervention of a court of bankruptcy would hardly be necessary. *In Re Lane* (1902) (D. C., Mass.), 125 F. 772, 773; 6 Am. Jur., Bankruptcy, §1272, p. 1301; 1 A. L. R. 1705.

5. Appellee's complaint in part alleged:
"That thereafter and having requested said defendant to pay said notes as aforesaid, said plaintiff was successful in obtaining the full amount of Ninety-One Hundred Dollars ($9100.00) for which said property was sold at said sale *through a compromise agreement by which said plaintiff agreed to compromise and settle in full its claim against said bankrupt.*" (Emphasis added.)