SWANN, Judge.
This is an appeal by the plaintiff, Rose, from a final judgment entered upon an adverse jury verdict in an action where Rose had sought to recover the unpaid balance of a note from an alleged endorser.
Viewing the evidence in the light most favorable to the defendant-appellee,[1] it appears that Grable’s Bakery, Inc., through its president, Phyllis L. Grable, executed a promissory note payable to Philip Rose. Approximately two months later, Phyllis L. Grable, individually, signed the back of the note when Rose asked her to do so for his wife’s peace of mind, as Rose’s wife was then seriously'ill.
Grable’s Bakery, Inc. underwent an arrangement proceeding pursuant to Chapter *649 XI of the Bankruptcy Act. In the course of this proceeding, Rose agreed to accept a payment in full of approximately fifteen percent to discharge the obligation, instead of twenty percent under the plan of arrangement which had been confirmed by the bankruptcy court.
Subsequently, Rose instituted the present suit against Phyllis L. Grable, individually, as an alleged endorser to recover the unpaid balance of the note. After a jury trial, a verdict was returned for Phyllis L. Grable.
On appeal, Rose takes the position that the lower court erred as a matter of law, in that the obligation of an endorser is not discharged by the discharge of the principal obligor in a bankruptcy proceeding.
Section 16 of the Bankruptcy Act [11 U. S.C. § 34] provides:
“The liability of a person who is a co-debtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt.”
Collier states that this principle results from two doctrines:
“ * * * (1) that a discharge in bankruptcy affects only the personal liability of the debtor, and not the liability of other persons, and (2) that such a discharge is by operation of law and not by consent of the creditor. * * * ” 1 Collier, Bankruptcy, § 1602 (14th Ed. 1967).

Collier adds, however, that:
“ * * * It is well settled that the principle thus stated applies only to a discharge in bankruptcy and not to any act of the parties that may be construed as effecting a release.” [Id.]
í{í sfc i}c $1 ‡ ‡
In Lutz v. Frick Company, 242 Ind. 599, 181 N.E.2d 14 (1962), the Indiana Supreme Court held that a voluntary compromise by a creditor with the debtor in a bankruptcy proceeding barred recovery from a guarantor of the obligation. Justice Landis, speaking for the court, stated:
* * * * * *
“In the case before us it cannot be properly contended that the settlement of the claim against the bankrupt amounted to a composition among the creditors under the Bankruptcy Act rather than a voluntary compromise by appellee. A composition under the Bankruptcy Act does not have the effect of releasing the surety’s or guarantor’s obligation and is on an entirely different footing in the eyes of the law from a compromise voluntarily entered into by an individual creditor. As stated in Crouch & Son v. Parker, supra (1919), 188 Ind. 660, 125 N.E. 453, 7 A.L.R. 1598, the latter is an alteration of the original contract which even if it is to the surety’s benefit, discharges the surety.” [Footnotes omitted.] [Id., 181 N.E.2d at p. 17.]

Consequently, we hold that there was sufficient competent evidence to warrant a finding that the alleged debt of Phyllis Grable, individually, was extinguished by the release of the principal, Grable’s Bakery, Inc.
In light of this conclusion, we find no need to discuss the question of whether Phyllis L. Grable was, in law, an endorser under Section 674.32, Florida Statutes, repealed January 1, 1967.
We have considered the other points raised by the appellants for reversal and find them to be without merit.
The judgment of the lower court is
Affirmed.

. Busbee v. Quarrier, Fla.App.1965, 172 So.2d 17.