STATE of Indiana ex rel. WILLARD LIBRARY, Appellant–Plaintiff,

v.

EVANSVILLE–VANDERBURGH PUBLIC LIBRARY, Appellee–Defendant.

No. 82A01–0510–CV–479.

Court of Appeals of Indiana.

June 16, 2006.

Patrick A. Shoulders, Keith W. Vonderahe, Ziemer, Stayman, Weitzel & Shoulders, LLP, Evansville, IN, Attorneys for Appellant.

Steve Barber, Barber, Shoulders & Siesky, LLP, Evansville, IN, Stanley C. Fickle, Barnes & Thornburg LLP, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-plaintiff State of Indiana ex rel. Willard Library (Willard) appeals from the trial court's order granting appellant-defendant Evansville–Vanderburgh Public Library's (EVPL) motion to dismiss Willard's complaint. In particular, Willard argues that the trial court erred in interpreting Indiana Code section 36–12–7–8 to mean that EVPL has the authority to calculate the amount of tax necessary to support Willard's budget. Additionally, Willard argues that even if EVPL has such authority, its action in fixing Willard's budget, tax rate, and tax levy was arbitrary, capricious, unreasonable, and contrary to Indiana law because it failed to publish and hold a public hearing on the budget it intended to pass. Concluding that the legislature did not intend EVPL's authority

to levy the tax to be a purely ministerial function, and finding no other error, we affirm the judgment of the trial court.

### FACTS[1]

Willard is a private donation library within the meaning of Indiana Code section 36–12–7–8. It was incorporated in 1881 to serve the City of Evansville (City) and to carry out the terms of a private trust. Pursuant to its articles of incorporation, Willard has a self-perpetuating seven-member board of directors, all of whom must be residents of the City. During all periods of its operation, Willard has been and continues to be open and free to residents of Vanderburgh County and neighboring counties. At all relevant times, Willard has received public financial support through a tax levy.

EVPL is a Class 1 public library,[2] a municipal corporation,[3] a taxing unit,[4] and a political subdivision.[5] Its board has seven members, who are appointed as follows: two members by the Board of County Commissioners of Vanderburgh County, two members by the County Council of Vanderburgh County, and three members by the school board of the school corporation serving the library district.

Historically, Willard has received or been eligible to receive tax revenues from a tax levy by the City. The statutes provided for the City to levy a tax for Willard within a specified range, and between 2001 and 2005, that range was between \$.0067 and \$.0167 for each \$100 of the assessed value of all real and personal property in the City. In operating pursuant to this statutory scheme, the City calculated the amount of the tax levy for Willard and

---

1. We heard oral argument on this matter on May 3, 2006, in Indianapolis.

2. Ind.Code §§ 36–12–2–1 *et seq.*

3. I.C. § 36–12–2–2(a).

4. Ind.Code §§ 6–1.1–1–21, 36–12–2–2(c).

5. I.C. § 6–1.1–1–12.

routinely modified Willard's budget requests.

Before July 1, 2005, the tax rate base for Willard's tax levy was determined by the number of residents within the City and was levied by the City Council. But the statute was amended, effective July 1, 2005, and now provides that the tax rate is based upon all of the residents of Vanderburgh County, increasing the tax rate base by approximately forty-one percent. Moreover, the tax is now levied by EVPL.

On June 16, 2005, Willard, through an open and public meeting of its board of trustees, approved its proposed budget for the 2006 calendar year. Its proposed budget included an increase of 22.41% for the tax-funded portion. EVPL published Willard's proposed 2006 budget in the Evansville Courier & Press on August 18, 2005, and again on August 25, 2005. EVPL also conducted a public hearing concerning Willard's proposed 2006 budget on August 27, 2005.

On September 8, 2005, EVPL rejected Willard's proposed 2006 budget, and, in its place, EVPL fixed a 2006 budget for Willard that was, essentially, Willard's 2005 budget with a 3.9% increase. This amount was approximately $120,000 less than that provided for by Willard's proposed budget. EVPL notes that most local governments in Indiana were limited to a 3.9% budget increase for 2006.

On September 12, 2005, EVPL filed Willard's approved budget, tax rate, and tax levy with the Vanderburgh County Auditor. That same day, Willard filed a verified complaint for order of mandate, asserting that EVPL illegally created and fixed Willard's 2006 operating budget. Also on that same day, EVPL filed a motion to dismiss Willard's complaint.

On September 20, 2005, the trial court conducted a hearing on all pending pleadings and motions. At the hearing, the trial court granted Willard's motion for leave to amend the complaint. But following the hearing and on the same date, the trial court granted EVPL's motion to dismiss and declared that EVPL "has the authority to determine the amount of the tax to be levied, within the statutory limits, to support the budget requests made to it by [Willard]." Appellant's App. p. 60. Willard now appeals.

### DISCUSSION AND DECISION

Willard argues that the trial court erred in concluding that EVPL has statutory authority to calculate the amount of the tax to be levied in favor of Willard and that, even if EVPL has such authority, its action here was arbitrary, capricious, unreasonable, and contrary to Indiana law. As we consider these arguments, we observe that the interpretation of a statute is a question of law reserved for the courts. *State v. Hart*, 669 N.E.2d 762, 763 (Ind.Ct. App.1996). Therefore, appellate courts review questions of law under a de novo standard and owe no deference to a trial court's legal conclusions. *Montgomery v. Estate of Montgomery*, 677 N.E.2d 571, 574 (Ind.Ct.App.1997). If a statute is clear and unambiguous, the court may not interpret it. *Skrzypczak v. State Farm Mut. Auto. Ins.*, 668 N.E.2d 291, 295 (Ind.Ct. App.1996). The standard of review for constitutional questions is also de novo. *Griffith v. State*, 788 N.E.2d 835, 839 (Ind. 2003).

### I. Statutory Authority to Calculate Tax Levy

Willard argues that while the clear and unambiguous statutory language admittedly gives EVPL the authority to levy the tax, it does not give EVPL the authority to calculate the amount of the tax to be levied. EVPL disagrees and argues that Willard's interpretation renders the statute unconstitutional, inasmuch as it gives a private corporation taxing power.

Willard first directs our attention to authority providing that it is just as important to recognize what a statute does not say as to recognize what it does say. *State ex rel. Schuerman v. Ripley County Council,* 182 Ind.App. 616, 619, 395 N.E.2d 867, 870 (1979). Furthermore, it is a well-established rule of statutory construction that statutes imposing or levying taxes are not to be extended, by implication, beyond the clear import of the language of the statute to enlarge their operation. *Van Orman v. State,* 416 N.E.2d 1301, 1305 (Ind.Ct.App.1981). With these tenets in mind, we turn to the relevant statutory language:

(a) As used in this section:

   (1) "county fiscal body" means the fiscal body of a county in which a private donation library is located;

   (2) "library board" means a library board established under IC 20–14 in a county in which a private donation library is located; and

   (3) "private donation library" means a public library:

     (A) established by private donation;

     (B) located in a city having a population of more than one hundred twenty thousand (120,000) but less than one hundred fifty thousand (150,000);

     (C) that contains at least twenty-five thousand (25,000) volumes;

     (D) that has real property valued at least one hundred thousand dollars ($100,000); and

     (E) that is open and free to the residents of the city.

(b) *The library board shall:*

   (1) *levy a tax* under IC 6–1.1 in an amount not less than sixty-seven hundredths of one cent ($0.0067) and not more than one and sixty-seven hundredths cents ($0.0167) on each one hundred dollars ($100) of the assessed valuation of all the real

and personal property in the county. . . .

\* \* \*

(d) *The trustees of the private donation library shall annually submit a budget to the library board.*

\* \* \*

(f) For purposes of the property tax levy limits under IC 6–1.1–18.5, the tax levied by the library board under subsection (b)(1) is not included in the calculation of the maximum permissible property tax levy for the public library.

I.C. § 36–12–7–8 (the Private Donation Library Statute) (emphases added).

Willard points out that the word "budget" is included only in subsection (d) of the statute, concluding that after Willard submits the required budget to EVPL, EVPL's required action is purely ministerial: it "shall levy a tax under IC 6–1.1. . . ." *Id.* According to Willard, the statute "does not grant the EVPL the authority to reject, revise, determine, fix[,] or otherwise disturb Willard's budget, tax rate[,] or tax levy, which is exactly what the EVPL did on September 8, 2005." Appellant's Br. p. 10.

But the Private Donation Library Statute provides that the tax must be levied "under IC 6–1.1," I.C. § 36–12–7–8(b)(1), which, in turn, directs that "[t]he officers of political subdivisions shall meet each year to fix the budget, tax rate, and tax levy of their respective political subdivisions for the ensuing budget year. . . ." Ind.Code § 6–1.1–17–5(a). Thus, the plain language of the Private Donation Library Statute provides that EVPL must levy the tax, which, in turn, means that it must "fix" the budget, tax rate, and tax levy. Consequently, it is apparent that the legis-

lature did not intend the EVPL's tax levy to be a purely ministerial function.

Willard admits that EVPL is a political subdivision, while Willard is not, but it argues that because it is not a "respective political subdivision" of EVPL, the statute enabling EVPL to "fix" the budget, tax rate, and tax levy does not apply. But because the Private Donation Library Statute commands that EVPL shall levy the tax "under IC 6–1.1," it necessarily applies. I.C. § 36–12–7–8(b)(1).

Willard also contends that EVPL does not have the power to determine the amount of Willard's tax levy, inasmuch as the General Assembly has already determined the amount—it shall not be less than $.0067 and not more than $.0167 on each $100 of Vanderburgh County's assessed valuation. I.C. § 36–12–7–8(b)(1). Thus, according to Willard, when it submits a budget to EVPL with a proposed tax rate and levy within that range, EVPL does not have authority to make any changes.

This interpretation of the statute, however, enables Willard to evade the political and other controls to which political subdivisions are subject in determining their budgets, tax rates, and tax levies. Willard's status as a private entity should not make it immune from the procedural and other property tax controls that constrain local governments. Indeed, if Willard is permitted to unilaterally determine the tax-funded portion of its budget, tax rate, and tax levy, then there would be no point in EVPL going through the procedural steps set forth in Indiana Code section 6–1.1. Essentially, Willard's argument makes its proposed budget untouchable in that public hearings and taxpayer objections would be pointless if EVPL is not permitted to make revisions. Such an interpretation is untenable.

We turn next to the legislative history of the Private Donation Library Statute.

For a century, Indiana statutes provided for the City to levy a tax within some permitted range to be used for Willard's support. Pursuant to those statutes, the City, not Willard, calculated the amount of Willard's tax levy. Nothing in the Private Donation Library Statute indicates that the legislature intended to alter that exercise of discretion by the local government entity that is responsible for levying the tax. Indeed, since 1983, the governing statute provided for the City Council to levy the tax according to Indiana Code 6–1.1, just as the Private Donation Library Statute does. It is apparent that the statute, as enacted, merely substituted EVPL for the City Council as the local government entity that is responsible for levying the tax.

Moreover, an earlier version of the bill provided for Willard to submit a "proposed" budget for EVPL's "review." Appellant's App. p. 58. But that version created a fundamentally different scheme, pursuant to which Willard, EVPL, and the City Council could negotiate a joint agreement. *Id.* Under that scheme, EVPL would levy the tax but the City Council would retain approval power over Willard's budget. Thus, EVPL was entitled to review Willard's proposed budget under that scheme so that EVPL would have input into the budget even as the City Council retained the right of final approval. But under the enacted Private Donation Library Statute, there is no joint responsibility, and the City Council has no role whatsoever. Thus, the most logical explanation for the deletion of "for its review" is that the words were redundant given the reference to Indiana Code 6–1.1, which entitles EVPL to "fix" the tax-funded portion of Willard's budget.

Finally, we acknowledge that the Private Donation Library Statute could have been more artfully drafted. It is impre-

cise and should be more specific in terms of the respective roles of EVPL and Willard. But Willard's interpretation of the statute would render it unconstitutional, inasmuch as it would give private entities [6] the power to set a tax rate and levy, which is constitutionally impermissible. *See, e.g., Hollingsworth v. State Bd. of Barber Exam'rs,* 217 Ind. 373, 383, 28 N.E.2d 64, 68 (Ind.1940) (holding that statute delegating to private parties the power to set minimum prices and maximum hours for barbers was unconstitutional delegation of legislative power). Article 3, section 1 of the Indiana Constitution divides governmental powers among the Legislative, Executive (including Administrative), and Judicial departments, generally prohibiting officials of one department from exercising the functions of another. Additionally, Article 4, section 1 of the Indiana Constitution vests in the General Assembly the legislative authority of the State.

Essentially, Willard responds that the Private Donation Library Statute does not conflict with the above authority, inasmuch as EVPL is the body that actually *levies* the tax. Hence, the taxing authority is delegated to EVPL, a public entity, rather than Willard, a private corporation. Moreover, the legislature has already determined the permissible range of the tax levied in favor of Willard.

It is apparent to us, however, that the distinction between calculating the amount of a tax levy and actually levying the tax is merely a semantic one. Because Willard's interpretation would give it unilateral authority to set the amount of the tax levy, the actual decisionmaking power would be in its hands, rather than EVPL's. The only "limitation" would be that a government agency or official must take whatever ministerial action is necessary to implement the private entity's decision. Thus, Willard's interpretation of the statute

would render it unconstitutional. A fundamental tenet of statutory interpretation is that if there are two reasonable interpretations of a statute, one of which is constitutional and the other not, we will choose the constitutional interpretation because we will not presume that the legislature violated the constitution. *Gray v. Daimler Chrysler Corp.,* 821 N.E.2d 431, 435 (Ind. Ct.App.2005). Consequently, however inartfully drafted the Private Donation Library Statute may be, we must interpret it in a way that renders it constitutional. Because Willard's interpretation of the statute would render it unconstitutional, its argument must fail.

## II. Publication of and Hearing on Willard's Budget

■ Finally, Willard argues that even if we conclude that EVPL has the authority to calculate the amount of the tax levy, its actions herein were arbitrary, capricious, unreasonable, and contrary to law. Specifically, it argues that while EVPL published Willard's proposed budget and held public hearings thereon, it neither published nor held public hearings on the budget, tax rate, and tax levy it "always estimated and intended to pass. . . ." Reply Br. p. 2. Although Willard's proposed budget provided for a 22.41% increase in tax funding, Willard argues that EVPL always intended to put in place a 3.9% increase to accord with statewide practice for budgeting for 2006. According to Willard, EVPL's failure to publish the altered 2006 budget occurred because EVPL "wanted to avoid public participation in favor of Willard and eliminate the political and other restraints placed upon it as decisionmakers." *Id.* at 3. EVPL responds that it is "nonsense" to suggest that a political subdivision must adopt the identical budget, tax rate, and tax levy that was published and that was

---

**6.** Willard acknowledges that it is a private     entity.

the subject of the public hearing. Appellee's Br. p. 36.

Initially, we observe that Willard's verified complaint included the following allegations:

> 10. *In accordance with applicable Indiana tax laws,* Willard's proposed 2006 budget was published in the Evansville Courier & Press on August 18, 2005, and again on August 25, 2005.
>
> 11. *In further compliance with applicable Indiana laws,* a public hearing concerning Willard's proposed 2006 budget was held on August 29, 2005.

Appellant's App. p. 7 (emphases added). Thus, Willard may not argue on appeal that either the publication or the public hearing on its proposed budget was in any way unlawful. *Lutz v. Frick Co.,* 242 Ind. 599, 605, 181 N.E.2d 14, 18 (1962) (holding that a party "is precluded on appeal from denying the existence of facts which were alleged in its pleadings in the trial court"); *see also Rundel v. Shady,* 492 N.E.2d 694, 696 (Ind.Ct.App.1986) (holding that a verified complaint is conclusive as to the admitted facts, and the plaintiff may not introduce evidence to contradict those facts).

To the extent that Willard is arguing that EVPL should have held an additional public hearing on the budget it ultimately passed, we turn to Indiana Code section 6–1.1–18–1, which provides that "the officers of a political subdivision may not fix a budget or tax levy which *exceeds* the amount published by the political subdivision." (Emphasis added). This language clearly indicates that the political subdivision may fix a budget and tax levy that is less than the published amount. Moreover, we agree with EVPL that there would be no point in the publication and public hearing if the proposed budget could not be altered thereafter. Nothing in the Private Donation Library Statute or Indiana Code section 6–1.1 indicates that

the EVPL's actions with respect to publication or the public hearing were in any way arbitrary, capricious, unreasonable, or contrary to law.

The judgment of the trial court is affirmed.

MAY, J., concurs.

SULLIVAN, J., concurs with opinion.

SULLIVAN, Judge, concurring in result.

The trial court's ruling was a dismissal of Willard's complaint for a Writ of Mandamus. The complaint sought an order directed to EVPL requiring EVPL to submit the budget as proposed by Willard to the County Auditor. It was asserted that EVPL had no authority to fix or modify the budget as submitted by Willard.

Although I concur in the affirmance of the trial court's dismissal of the complaint, I respectfully disagree with the rationale of my colleagues which reaches that result.

A crucial inconsistency exists between the Private Donation Library Statute, I.C. § 36–12–7–8, requiring that the tax must be levied "under IC 6–1.1" and the majority's reliance upon I.C. § 6–1.1–17–5(a) to reach the conclusion that EVPL must levy the tax and therefore must "fix" the budget for Willard.

Indiana Code § 6–1.1–17–5(a) covers only budgets of political subdivisions. Willard is not a political subdivision. *See* Ind.Code § 6–1.1–1–12 (Burns Code Ed. Repl.2003). In this respect it is my view that I.C. § 6–1.1–17–5(a) cannot be used to hold that EVPL must fix the budget of an entity which is not a political subdivision. If that authority is to be found it must be found elsewhere under I.C. 6–1.1.

Be that as it may, neither Willard nor EVPL has brought to our attention any other statutory provision which governs

the matter of private donation library budget approval by the Library Board.

To be sure, common sense, as well as a necessity to make some reasonable provision for budgetary approval and fixing and levying an appropriate tax to fund private donation libraries, would seem to be dictated. However, the statutory gap is an insurmountable hurdle. We are not at liberty to create the appropriate legislation to meet the challenge.

Having said that, it appears to me that EVPL must fix a tax levy to fund Willard in an amount of not less than $.0067 and not more than $.0167 for each $100 of Vanderburgh County's assessed valuation. This does not mean, however, that EVPL must rubber stamp Willard's proposed budget; nor does it give EVPL the authority to recraft a budget for Willard which EVPL thinks is more appropriate or reasonable. This impasse indicates that the ultimate taxing authority, which rests with the Library Board, permits EVPL in its discretion to set the tax rate somewhere within the one-penny range provided by statute.[7] When this has been done and it is ascertained how much tax revenue will be provided for Willard thereby, Willard must necessarily tailor its budget to meet the tax revenue produced in conjunction with such private funds as may be available to Willard.

In summary, it is my conclusion that EVPL does not have the discretionary authority to alter the budget submitted; neither is it required to approve whatever

budget is proposed by Willard. It must, however, fix a tax levy rate thereby requiring Willard to conform its budget to the funds available from tax and other sources.[8]

7. The process of holding public hearings to permit taxpayer input with respect to the budget submitted by a private donation library is not "pointless," as suggested by the majority here, if EVPL "is not permitted to make revisions" to the budget. Maj. op. at 1166. Such procedures offer an opportunity for all parties concerned to become aware of the realities of tax-supported funding and to reach some accommodation for the final result. Thus the process contemplated is not totally unlike the

process used from 1983 to the time of passage of the Private Donation Library Statute and as described by the majority. *See* Maj. op. at 1166.

8. It could be argued that the ultimate result might be the practical equivalent of the Library Board's revision of the proposed budget. Nevertheless, the process suggested by this separate opinion avoids what I perceive to be unwarranted legislation by this court.